| 48 | 525 |
| 76 | 100 |

CITY OF HARTFORD *vs.* CALEB M. TALCOTT AND ANOTHER.

The charter of the city of Hartford authorizes the common council to pass an ordinance for the keeping of the streets open and safe for public use. The council passed an ordinance requiring every owner or occupant of a building or lot bordering upon a street with a paved or graded sidewalk, to remove from the walk all snow and ice within a certain time after it had fallen or formed, and imposing a penalty of two dollars for every twelve hours of neglect of the duty after notice from a policeman. The defendants who owned premises fronting upon a public street and sidewalk neglected beyond the time limited to remove snow and ice that had accumulated upon the walk and ren-

dered it unsafe, and a person passing by upon it fell and was injured, and afterwards recovered damages therefor from the city. In a suit brought by the city to recover the amount from the defendants, it was held that they were not liable.

Such a proprietor owes no duty to the public in reference to the way except to remove from it all property of his own that obstructs it and to refrain from doing any thing to render it unsafe for travelers. So far as defects in it result wholly from the operations of nature he is without responsibility for them.

It was the duty of the city to keep its streets open and safe for public travel and this duty extended to that portion used exclusively by foot passengers.

The provision of the charter authorizing the council to pass an ordinance for keeping the streets open and safe for public use, did not give it power to transfer the responsibility for injuries caused by defects from the public to an individual not responsible for their existence. All it could do was to require each proprietor or occupant to assist the city in restoring the walk to a condition of safety, with a fixed and reasonable penalty for disobedience.

But the city would remain answerable for injuries resulting either from the negligence of the proprietor or its own omission to act.

And as the ordinance provides for a fixed penalty, the city has barred itself from enforcing an indefinite liability beyond this.

CIVIL ACTION to recover of the defendants the amount of a judgment against the plaintiff city for damages for an injury caused by ice upon a sidewalk in front of their premises; brought to the Court of Common Pleas of Hartford County.

The defendants were proprietors of premises fronting on Asylum Street in the city of Hartford. Snow and ice had accumulated and for several days been allowed to remain upon the sidewalk in front, rendering the walk dangerous for persons passing over it. A foot passenger slipped upon it and was injured, and in a suit against the city recovered judgment for damages. This judgment the city paid and brought suit to recover the amount from the defendants. An ordinance of the common council of the city, important in the case, is given at length in the opinion of the court.

The case was reserved for the advice of this court.

*C. E. Perkins*, for the plaintiffs.

The question of the liability of owners of premises adjoining streets, to the city or other corporation whose duty it was to keep such streets in repair, for obstructions to travel existing by the negligence of the owners, has often arisen and been decided. The cases are well summed up in 2 Dillon on

Municipal Corporations, § 795, as follows:—" If a municipal corporation be held liable for damages sustained in consequence of the unsafe condition of the sidewalks or streets, it has a remedy over against the person by whose act or conduct the sidewalk or street was rendered unsafe, unless the corporation was itself a wrong doer as between itself and the author of the nuisance." It has been settled by many decisions that if the owner of premises in a city adjoining the highway makes an excavation in the sidewalk, and does not guard it sufficiently, and an accident occurs therefrom for which the city is made liable, he is responsible to the city therefor. *City of Chicago* v. *Robbins*, 2 Black, 418; *Robbins* v. *City of Chicago*, 4 Wall., 657; *Portland* v. *Richardson*, 54 Maine, 46; *City of Norwich* v. *Breed*, 30 Conn., 535. The general principle as laid down by these cases will probably be admitted, but the case at bar will be claimed not to come within it.

It is claimed, in the first place, that these were cases where the owner had by his act caused the obstruction. This is true in some of the cases, but in others it is not. In *City of Boston* v. *Worthington*, 10 Gray, 496, the action was brought against the tenants of a building in front of which was a cellar-way which did not have a railing to protect it as required by law. It had been in that condition for twenty years, and there was no act whatever of the defendants which caused the injury. The only claim against them was their neglect to do an act required of them by the ordinances of the city, and the court held that they were liable. There is no reason why neglect to perform a duty imposed on the defendants should not make them liable as much as the performance of an act which was a breach of their duty, and it is believed that such a distinction is nowhere made by the authorities. In fact it would seem that a neglect of a specific duty imposed by an ordinance should render a person more clearly liable than a breach of an obligation only implied by law, like that of digging a hole in the highway. In many of the cases also the liability arose, not from making a hole in the highway, but from neglect of the duty of placing proper

barriers about it.  *Lowell* v. *Boston & Lowell R. R. Co.*, 23 Pick., 24; *Milford* v. *Holbrook*, 9 Allen, 17; *Churchill* v. *Holt*, 127 Mass., 165; *Portland* v. *Richardson*, 54 Maine, 46. In all the cases the liability of the defendant is based upon this neglect to perform some duty imposed upon him, either by ordinance or the common law.  Now in this case there was a duty imposed upon the defendants to keep the sidewalk in front of their premises in such a condition that it was safe for travelers.  This duty they neglected, and it was from such neglect that the city has been obliged to pay this money. Their liability therefore would seem to be clear.

It is claimed in the next place, that the city was also negligent, because it was also its duty to have the ice removed, and to keep the sidewalk in safe condition, and, as it did not perform its duty, it is *in pari delicto*.  But this argument, if sound, would have prevented recovery in all the cases cited. The injured person never could have recovered of the city unless it had been guilty of negligence, and until a recovery had been had it could not have sued the owner of the premises.  All the authorities hold that in such cases the primary duty is placed on the owner and a secondary duty only upon the city.  There is no joint wrong in which both are concerned. In many of the cases this claim has been made, but without success.  The leading one on the subject is *Lowell* v. *Boston & Lowell R. R. Co.*, 23 Pick., 24.  The defendants there made an excavation in the road, which they had a right to do.  They did not, however, put up proper barriers to protect travelers, and an injury occurred for which the town was held liable, and this suit was brought against the railroad company.  This point was quite fully considered by the court and it was held that it was the duty of the defendants in the first instance to put up barriers.  The town, it was true, ought to have put them up if the defendants did not, and as they omitted their duty was liable to the person injured, and the court says, (page 34:) "The defendants' agent who had the superintendence of their works was the first and principal wrong-doer.  In his negligence the plaintiffs had no participation."  This decision has been followed ever since in

Massachusetts and elsewhere.  *Milford* v. *Holbrook*, 9 Allen, 17; *Gray* v. *Boston Gas Light Co.*, 114 Mass., 149; *Portland* v. *Richardson*, 54 Maine, 46; *Brooklyn* v. *Brooklyn City R. R. Co.*, 47 N. York, 475; *Robbins* v. *City of Chicago*, 4 Wall., 657.  The only case which may be claimed to be opposed to the ones cited is *Keokuk* v. *Independent District*, 53 Iowa, 352.  That was an action against a school district for not keeping the sidewalk in front of its premises in repair, whereby a person was injured, and recovered judgment against the city.  The court held the defendant not liable on the curious ground that the school district was the agent of the city to keep the sidewalk in repair, and therefore its negligence was that of the city, and of course the city could not recover of any one for its own negligence.  No question of joint tort was considered or decided.  The distinction between that case and the one at bar is obvious.

Various authorities are cited by the defendants, holding that persons injured by falling upon ice on the sidewalks have no redress against individuals whose duty it was, under the ordinances of the city, to remove it.  But none of these were cases between the city which by reason of such neglect had been obliged to pay such damages and such individuals, and the case already cited of *City of Boston* v. *Worthington*, holds that the city can maintain such action; and we know of no case that holds the contrary.

It may be also claimed that as a penalty is annexed to the breach of duty no other liability is incurred, but this principle is confined to cases like those last above referred to, which hold that private persons injured by the breach of the statute have no remedy.  In a case like that at bar the breach of duty is towards the city itself; a primary obligation is laid on the owner of the land, and for such breach of duty he may well be liable to the city, though not to private persons who are injured.  *Brooklyn* v. *Brooklyn City R. R. Co.*, 47 N. York, 475.  Moreover in this case the ordinance is one making the leaving the ice and snow a nuisance, and our courts hold that the city is liable for its non-removal, neither of which appear to have been the case in the cases cited.

It makes this therefore like all the cases cited where the abuttor has been guilty of placing or maintaining a nuisance in the highway. It would hardly be claimed that if a person digs a hole in the highway he is liable to the city for the damages caused thereby, but that if the city passes an ordinance prohibiting it and imposing a fine, the liability to the city for damages is thereby destroyed.

*E. B. Bennett*, for the defendants.

1. The city of Hartford by its charter has assumed the exclusive control of its streets and sidewalks; the making, altering, repairing, and keeping of them safe for public use and travel. Charter, 10, 101. Incidental to this obligation is the duty of keeping its sidewalks free from snow and ice, or in such a condition as not to be unsafe for travel by reason thereof. *Congdon* v. *City of Norwich*, 37 Conn., 419; *Landolt* v. *City of Norwich*, id., 616.

2. The city ordinance relating to snow and ice provides whose duty it shall be to clear the sidewalks, when and how it shall be done, what penalties persons neglecting or refusing to perform this duty shall be liable to pay, and how the expense of clearing the sidewalk, if done by the police, shall be collected. And the police force, under the direction of the chief of police, has supervision of the whole matter. City Charter & Ordinances, 239, 240, 241.

3. The only obligation to clear the sidewalk resting on the defendants is that imposed by the city ordinance. The duty imposed is to make the sidewalk safe and convenient by removing the ice therefrom, or by covering it with sand or some other suitable substance. The liability for neglecting or refusing to perform that duty, after notice, is to pay a specified penalty; and, in case the chief of police shall cause the sidewalk to be cleared, to pay also the expense of such clearing. The duty, the offence, and the penalty, are created in the same section of the ordinance. When the right or duty is entirely the creature of the statute, and a specific remedy is provided by the statute for its enforcement, that remedy, and that only, must be pursued, unless the remedy

does not cover the entire right. 1 Addison on Torts, (D. & B., Am. ed.) ch. 1, sec. 2, art. 58; *Hartford & N. Haven R. R. Co.* v. *Kennedy*, 12 Conn., 526. The remedy provided here covers the entire right. The ordinance simply prohibits the owner of a lot adjoining the street from allowing ice to remain on the sidewalk uncovered by sand or other suitable substance, and affixes a penalty for the neglect. The penalty is the only liability. *Barden* v. *Crocker*, 10 Pick., 389; Cooley on Torts, 653. But this is not a general statute, it is only a city ordinance; and ordinances are in their nature strictly local and subordinate to the charter and general laws, and cannot enlarge or change them. 1 Dillon Mun. Corp., §§ 251, 263; *Southport* v. *Ogden*, 23 Conn., 132; *Heeney* v. *Sprague*, 11 R. Isl., 462. The city charter provides that ordinances may be enforced by imposing penalties and forfeitures of goods and chattels. Charter, 14. When the charter prescribes the manner in which by-laws are to be enforced, this constructively operates to negative the right of the corporation to proceed in any other way or to inflict any other punishment. 1 Dillon Mun. Corp., §273. The duty of keeping the streets and sidewalks safe for public use and travel being imposed on the city by its charter, it cannot by an ordinance shift this duty upon a lot-owner in such a manner as to make him liable in tort for negligence. 2 Addison on Torts (D. & B. Am. ed.) ch. 25, sec. 1, art. 1533; *City of Keokuk* v. *Independent District*, 53 Iowa, 352.

4. But by the terms of the ordinance the city has supervision of the whole business of clearing snow and ice from the sidewalk; the ordinance names the public officers whose duty it shall be, and provides in what manner they shall proceed to enforce it and collect the penalties, and finally how the sidewalk shall be cleared and the expense of such clearing collected. The record shows that in this case such supervision was not exercised. Had the police officers exercised such supervision, they would have known of the unsafe condition of the sidewalk, and would have had a reasonable opportunity to have made it safe before the injury occurred. Such clear omission of duty is negligence. *Boucher* v. *City*

---

---

*of New Haven*, 40 Conn., 460. The plaintiff having concurred in the wrong, has no right of action against the defendants. *City of Chicago* v. *Robbins*, 2 Black, 422.

5. The record shows that the injury resulted from snow and ice accumulated by natural causes on the sidewalk. The defendants are not responsible for injuries resulting from such a cause. *Kirby* v. *Boylston Market Association*, 14 Gray, 252; *Heeney* v. *Sprague*, 11 R. Isl., 461; *Flynn* v. *Canton Co.*, 40 Maryl., 325. The defendants are responsible neither for the origin nor continuance of the nuisance, and consequently are not liable in damages to the plaintiff.

PARDEE, J. The state places upon municipal corporations the burden of keeping the highways within their respective limits in a reasonably safe condition for public travel; and in cities and boroughs this duty is co-extensive with the width of the street, including that portion used by foot passengers exclusively. As both the carriage and foot-ways are for the convenience of the public and not for the especial use or benefit of adjoining proprietors under the general law, the money expended in maintaining, and in making compensation for injuries resulting from neglect to maintain them, is to be paid by the public from taxes assessed equally upon all property. The ownership of land upon a way does not carry with it the burden of an unequal contribution to either branch of these expenditures. The individual owes no duty to the public in reference to the way except to remove therefrom all property of his own which obstructs it, and to refrain from doing or placing anything thereon dangerous to the traveler. So far as defects in it result wholly from the operations of nature, the proprietor at whose front they exist is without responsibility for them. Therefore, where ice has accumulated upon the sidewalk to a dangerous extent it is the duty of the municipality to remove or cover it within a reasonable time after its formation.

The charter authorizes the council to make an ordinance regulating the keeping " open and safe for public use and travel, and free from encroachment and obstruction, the

streets, highways, passways and public grounds and places in said city." But there is in this language no grant of power to the council to change the general law and transfer the responsibility for injuries resulting from defects in the way from the public to an individual who is not responsible for their existence. The utmost reach of it is only to authorize the enactment of an ordinance requiring each proprietor upon the way to assist the city in restoring the walk to a condition of safety, with a fixed and reasonable penalty for disobedience.

The council enacted the following ordinance:—

" SEC. 11. The owner or owners, occupant or occupants, private corporation, or any person having the care of any building or lot of land bordering on any street, square or public place within the city, where there is a sidewalk graded, or graded and paved, shall cause to be removed therefrom any and all snow, sleet and ice, within two hours after the same shall have fallen, been deposited or found, or within three hours after sunrise, when the same shall have fallen in the night season.

" SEC. 12. Whenever the sidewalk or any part thereof adjoining or fronting any building or lot of land, or any street, square or public place, shall be covered with ice, it shall be the duty of the owner or owners, occupant or occupants, private corporation, or any person having the care of such building or lot, to cause such sidewalk to be made safe and convenient by removing the ice therefrom, or by covering the same with sand or some other suitable substance; and in case such owner or owners or other persons shall neglect so to do for the space of one hour during the daytime, the person or persons whose legal duty it shall be to so clear said walk and so neglecting, shall be liable to the penalty named in the succeeding section.

" SEC. 13. The owner or owners, occupant or occupants, private corporation, or any person having the care of any building or lot of land, and whose duty it is to clear the same, who shall violate any of the provisions of the eleventh or twelfth sections of this ordinance, or refuse or neglect to

comply with the same, shall pay a penalty of two dollars for every twelve hours such person, owner or owners, occupant or occupants, shall neglect to comply with said provisions, or any of them, after notice from any policeman of said city.

" Sec. 17. If any sidewalk shall remain encumbered with snow, ice or sleet, for twenty-four hours after the same has fallen or been deposited, the chief of police shall notify the owner or person having the charge or care of the lot or building bordering on such sidewalk and legally liable to clear the same; and if such sidewalk is not thoroughly cleared within twenty-four hours after such notice shall have been given, or properly covered with· sand or some other suitable substance, the chief of police shall cause the same to be cleared, and collect the expense thereof of such owner or other persons : and the city attorney shall, at the request of the chief of police, collect by suit such expense as a debt due the city."

But, by passing this ordinance the city has not relieved itself from responsibility for the safety of travelers; it remains answerable for injuries resulting either from the negligence of the individual or its own omission to act. The labor performed by those who obey and the fines and expenses paid by those who do not, measure the extent of the advantages to. be derived from the exercise of the power to pass it.

Moreover, there not being upon the individual any liability at common law for injuries resulting from obstructions in the way wholly the effects of natural causes, such liability is not brought into existence by force of declarations in the ordinance that the obstructions are nuisances, or that it is his duty to remove them; for, as the liability is the creation of the ordinance, it can be no greater than that specifically named therein; and as, in the. one before us, the council measured it by a fine with cost of removal, the city has thereby barred itself from enforcing an unnamed and unlimited liability beyond. In the matter of statutory penalties the expression of a certainty prevents the existence of an uncertainty.

In support of his position counsel for the plaintiff has cited—*Robbins* v. *City of Chicago*, 4 Wall., 657, *Portland* v. *Richardson*, 54 Maine, 46, *Lowell* v. *Boston & Lowell R.R. Co.*, 23 Pick., 24, and *Brooklyn* v. *Brooklyn City R.R. Co.*, 47 N. York, 475,—but these are instances of excavations made and negligently left open in the way by the defendants; *Boston* v. *Worthington*, 10 Gray, 496, and *Churchill* v. *Holt*, 127 Mass., 165,—instances of cellar-ways opening into the street and negligently left unprotected—practically, daily digging and leaving open a dangerous excavation in the street; *Milford* v. *Holbrook*, 9 Allen, 17,—negligently permitting an awning to fall; *Gray* v. *Boston Gas Light Co.*, 114 Mass., 149,—negligently permitting a chimney to fall, *Norwich* v. *Breed*, 30 Conn., 535,—digging and negligently leaving unprotected an excavation on the defendant's land, but so dangerously near and open to the street as to be in effect an excavation therein. In each case the defendant placed a dangerous obstruction in the way, and of course for a time after doing the act was upon every principle responsible for the consequences, and that irrespective of any city ordinance.

The Court of Common Pleas is advised to render judgment for the defendants.

In this opinion the other judges concurred.