(December 18, 1909.)

## B. S. WILSON, Respondent, v. CITY OF IDAHO FALLS, Appellant.

[105 Pac. 1057.]

MUNICIPAL CORPORATION—LIABILITY FOR DAMAGES—ICY SIDEWALK.

1. In an action against a city for injuries alleged to have been caused by a slippery sidewalk occasioned by the melting and freezing of snow, the travel over the sidewalk and the melting and freezing of the ice and snow thereon having left the sidewalk in a rough and slippery condition; *held,* that the evidence is not sufficient to show the negligence of the city or its liability.

2. Where ice and snow have not accumulated upon a sidewalk so as to create an obstruction, mere slipperiness and unevenness caused by tramping, thawing and freezing, in case of an accident, will not render the municipality liable.

(Syllabus by the court.)

APPEAL from the District Court of the Sixth Judicial District for Bingham County. Hon. James M. Stevens, Judge.

Action to recover damages alleged to have been sustained because of a rough and slippery sidewalk. Judgment for the plaintiff. *Reversed.*

J. E. Good, and Clark & Budge, for Appellant.

"The city is not liable for accidents occasioned by mere slipperiness caused by ice upon the walk, if the ice is not so rough and uneven, or so rounded up, or at such an incline as to make it an obstruction, and to cause it to be unsafe for travel with the exercise of due care." (*Calder v. Walla Walla,* 6 Wash. 377, 33 Pac. 1054; *Henkes v. Minneapolis,* 42 Minn. 530, 44 N. W. 1026; *Chicago v. McGiven,* 78 Ill. 347; *Cook v. Milwaukee,* 24 Wis. 270, 1 Am. Rep. 183; *Chase v. Cleveland,* 44 Ohio St. 505, 58 Am. Rep. 843, 9 N. E. 225; *Broburg v. Des Moines,* 63 Iowa, 523, 50 Am. Rep. 756, 19 N. W. 340; *Kennenberg v. Alpena,* 96 Mich. 53, 55 N. W. 614; *Hutchinson v. Ypsilanti,* 103 Mich. 12, 61 N. W. 279;

*Peard v. Mt. Vernon,* 31 N. Y. Supp. 395; *Aurora v. Parks,* 21 Ill. App. 459; Dillon on Mun. Corp., sec. 1006; *Smyth v. Bangor,* 72 Me. 249; *Hutchins v. Boston,* 97 Mass. 272; *Harrington v. Buffalo,* 121 N. Y. 147, 24 N. E. 186; *Greenlaw v. Milliken,* 100 Me. 440, 62 Atl. 145; *Norwalk v. Tuttle,* 73 Ohio St. 242, 76 N. E. 617.)

Where a person goes upon a sidewalk known by him to be in a dangerous and defective condition, with the thought in mind at the time that the sidewalk is dangerous and defective, but with the further thought that he can get safely over it and escape such danger, in which undertaking he fails and is injured on account of the very dangerous conditions in mind, he is guilty of contributory negligence as a matter of law, and cannot recover. (*Wright v. St. Cloud,* 54 Minn. 94, 55 N. W. 819; *Pittman v. El Reno,* 4 Okl. 638, 46 Pac. 495; *Norwood v. Somerville,* 159 Mass. 105, 33 N. E. 1108; *Schaefler v. Sandusky,* 33 Ohio St. 246, 31 Am. Rep. 533; *Macomb v. Smithers,* 6 Ill. App. 470; *Aurora v. Brown,* 12 Ill. App. 122; *Sumner v. Scaggs,* 52 Ill. App. 551; *Norwalk v. Tuttle,* 73 Ohio St. 242, 76 N. E. 617.)

B. J. Briggs, and Wm. L. McConnell, for Respondent.

In this state cities and villages are liable in damages for the negligent discharge of the duty of keeping their streets and alleys in a reasonably safe condition for use by travelers in the usual modes. (*Carson v. City of Genesee,* 9 Ida. 244, 108 Am. St. 127, 74 Pac. 862; *Moreton v. St. Anthony,* 9 Ida. 532, 75 Pac. 262.) Where the ice and snow has been allowed to accumulate for an unreasonable length of time, and the same is in a rough and uneven condition, then liability attaches to the municipality. (Elliott on Roads and Streets, 2d ed., sec. 625; *Tobin v. City of Waterloo,* 131 Iowa, 75, 107 N. W. 1031; *Norton v. St. Louis,* 97 Mo. 537, 11 S. W. 242; *Cook v. Milwaukee,* 24 Wis. 270.)

"If ice or snow is permitted to remain upon a sidewalk or street crossing in such an uneven and rounded form that a person cannot walk over it, using due care, without danger of falling down, it constitutes a defect for which the city or

town is liable.'' (*Collins v. Council Bluffs,* 32 Iowa, 324, 7
Am. Rep. 200; *Todd v. Troy,* 61 N. Y. 506; *McLaughlin v.
City of Corry,* 77 Pa. 109, 18 Am. Rep. 432; *Barton v. Mont-
pelier,* 30 Vt. 650; *Salzer v. Milwaukee,* 97 Wis. 471, 73 N. W.
20; *Huston v. Council Bluffs,* 101 Iowa, 33, 69 N. W. 1130, 36
L. R. A. 211.)

It is not negligence *per se* for a person to pass over a street
known to be dangerous.  (7 Am. & Eng. Ency. of Law, 2d
ed., 392; *Carson v. Genesee,* 9 Ida. 244, 108 Am. St. 127,
74 Pac. 862; *Wells v. Village of Herman,* 4 N. Y. St. Rep.
773; *Koch v. Ashland,* 88 Wis. 603, 60 N. W. 990; *Dewire v.
Bairley,* 131 Mass. 169, 41 Am. Rep. 219; *Ball v. City of El
Paso,* 5 Tex. Civ. App. 103, 23 S. W. 835.)

SULLIVAN, C. J.—This is an action against the city of
Idaho Falls, a municipal corporation, to recover damages on
account of personal injuries alleged to have been caused by
slipping and falling upon an icy sidewalk in said city on
the sixth day of February, 1908.

It is alleged in the complaint that the plaintiff slipped
and fell on account of the accumulation of large quantities of
snow and ice on said sidewalk, and that the city was negligent
in allowing such accumulations of ice and snow on said side-
walk.  The answer denies negligence on the part of the city
and alleges contributory negligence on the part of the plain-
tiff.

Upon the issues thus made, a trial was had before the court
and jury and resulted in a verdict and judgment for the
plaintiff for the sum of $1,250.  A motion for a new trial
was made by the defendant city and overruled by the court.
The appeal is from the judgment and the order denying a
new trial.

The errors assigned go to the sufficiency of the evidence
to sustain the verdict and to alleged errors of law in the
admission and rejection of certain evidence offered at the
trial and to the giving of certain instructions by the court.

We will first consider the sufficiency of the evidence.

It appears therefrom that the condition of the sidewalk where the plaintiff fell was icy and uneven; that about four inches of snow had fallen on the 4th of February, and that the accident occurred on the morning of the 6th of that month; that the climatic conditions of that section of the country are such that the winters are somewhat rigorous and cold; that the thawing and freezing of the snow and the travel on the sidewalk were responsible for the icy and slippery condition of the walk. It appears from the testimony of three witnesses that the exact spot where the plaintiff slipped and fell was covered with a thin coating of ice and left the sidewalk in a slippery condition; while other witnesses testified that the street was in a rough, uneven and slippery condition occasioned by the melting of the snow and the foot tracks made on it when soft and the freezing thereafter. It also appears from the evidence that the plaintiff's law office bordered on this street and was only a short distance from where the accident occurred; that he was familiar with the exact condition of the street. He knew that it was icy and slippery; he also knew that by crossing the street he could go to the postoffice, the place where he was going when the accident occurred, and avoid the ice where he fell. The question presented here is: Was the city liable for the injury sustained by the plaintiff under the evidence? After a careful review of all of the evidence, we are fully satisfied that the city was not liable. It is clear that four inches of snow on a sidewalk, traveled over and packed down by the people, would not constitute such an obstruction as would make a city liable in case an accident occurred because of the icy and slippery condition of such sidewalk.

In sec. 1006, Dillon on Municipal Corporations, 4th ed., the rule governing such conditions as above set forth is stated as follows:

"The mere slipperiness of a sidewalk, occasioned by ice or snow, not being accumulated so as to constitute an obstruction, is not ordinarily such a defect as will make the city liable for damages occasioned thereby. Where there is snow upon a sidewalk, and it is rendered slippery, there is danger

of injury from slipping and falling, even on the best constructed walks.''

The rule governing such cases is laid down in the following language in *Calder v. City of Walla Walla,* 6 Wash. 377, 33 Pac. 1054:

''The city is not liable for accidents occasioned by mere slipperiness caused by ice upon the walk. If the ice is not so rough and uneven, or so rounded up, or at such an incline as to make it an obstruction, and to cause it to be unsafe for travel with the exercise of due care, there is no liability.''

In *Aurora v. Parks,* 21 Ill. App. 459, the court states the rule as follows:

''Mere slipperiness and unevenness caused by the tramping, thawing and freezing, where the ice and snow has not accumulated to such an extent as to make it an obstruction, does not create a liability.''

In the case of *Broburg v. City of Des Moines,* 63 Iowa, 523, 50 Am. St. 756, 19 N. W. 340, it is held that the mere accumulation of ice and snow upon the streets or sidewalk by natural causes is not sufficient to render a city liable for injuries caused by a fall upon the slippery surface, unless the ice and snow is suffered to remain in such an uneven and rounded form as to render it impossible for one, even if in the exercise of greatest care, to walk upon it without danger.

In *Harrington v. City of Buffalo,* 121 N. Y. 147, 24 N. E. 186, it is held that in an action against a city for injuries alleged to have been caused by a defective sidewalk, where it appeared that plaintiff slipped on a ridge of ice and snow about six inches thick in the center and sloping to the edge of the walk, it having been warm and sloppy for four days previous to the accident and the snow had not been fully removed at this point for several weeks, that there was no evidence of negligence on the part of the defendant and plaintiff could not recover.

In *Greenlaw v. Milliken,* 100 Me. 440, 62 Atl. 145, it was held that where plaintiff fell on the ice on the sidewalk in front of defendant's house, in order to recover for injuries received, she must show the icy condition of the sidewalk

resulted from water artificially conducted on the sidewalk, and not from surface water naturally flowing on it, or from melting snow which had fallen on the sidewalk.

In the case of *City of Norwalk v. Tuttle,* 73 Ohio St. 242, 76 N. E. 617, the court very learnedly discusses the ultimate question as to what extent the power of taxation should be exercised for the purpose of indemnifying persons who are injured by the action of the elements on sidewalks, and says:

"To hold that a liability results from these actions of the elements would be the affirmance of a duty which it would often be impossible, and ordinarily impracticable, for a city to perform."

We conclude, therefore, in view of the rules of law laid down in the foregoing cases, and in view of the evidence introduced on the trial, that the evidence is insufficient to show negligence on the part of the city.

In parts of our state there are heavy snowfalls, and to hold that the municipalities are liable unless they keep the sidewalks free and clear of ice and snow would be requiring a duty which would be almost impossible and very impracticable to perform, and unless the snow and ice become a positive obstruction to the sidewalk, the city is not liable for injuries that may occur therefrom.

The case of *Carson v. City of Genesee,* 9 Ida. 244, 108 Am. St. 127, 74 Pac. 862, is cited as sustaining the contention that previous knowledge of a dangerous place in a street or sidewalk is not *per se* evidence of such negligence as will preclude a recovery. The court said: "Previous knowledge of a dangerous place in a street or sidewalk is not *per se* evidence of such negligence as will preclude a recovery, except in those cases where the known defect is so great as to prevent a reasonably cautious person from attempting to pass over such street or sidewalk in any usual manner." In that case it appeared that Carson knew ten days previous to the injury that a board was broken in the sidewalk where she was injured, and the court stated as follows: "We cannot see that the mere act of going upon this sidewalk with knowledge that ten days previous thereto it contained a broken

board, was such negligence as will defeat a recovery.'' The facts in that case were very different from the facts in the case at bar. The plaintiff in that case testified that she had not been over that walk for a week or two previous to the accident and that she was passing over it when the accident occurred, in the night-time, and that she did not know that the hole was still there or that the walk was out of repair. In the case at bar, it appears that the plaintiff had been passing over the walk where the accident occurred quite frequently, and knew its condition, and that in passing over it when he was hurt, knowing that it was slippery, took precautionary measures to avoid falling. The facts in the Carson case are clearly distinguishable from those in the case at bar.

There are other questions raised on this appeal, but having concluded that the city is not liable, it is not necessary for us to pass upon them.

The judgment must therefore be reversed, and it is so ordered. As the plaintiff testified in his own behalf and went very fully into all the facts and circumstances as to the condition of the sidewalk and the way he received his injury, we conclude that the evidence would be the same on a retrial. That being true, the evidence would not be sufficient to sustain a judgment in favor of the respondent for any sum whatever. The case will therefore be remanded, with instructions to enter judgment in favor of the appellant. Costs are awarded to appellant.

Stewart and Ailshie, JJ., concur.