EMMA C. YOUNG *vs.* J. FREDERICK TALCOTT.

MALTBIE, C. J., HAINES, BANKS, AVERY and BROWN, Js.

Argued January 13th—decided April 26th, 1932.

*John H. Kirkham* and *Mortimer H. Camp,* with whom, on the brief, was *Margaret P. Camp,* for the appellant (defendant).

*John L. Collins,* with whom, on the brief, was *Alexander W. Creedon,* for the appellee (plaintiff).

MALTBIE, C. J.  The complaint in this case alleges that the defendant owned a building located at the corner of New Britain Avenue and Quaker Lane South in West Hartford; that while it was rented by him to a tenant he had reserved the care, custody and control of the property in so far as the same was not in the immediate possession and control of the tenant and had in particular reserved the care and control and maintenance of the roof of the building; that between a portion of it and a sidewalk on Quaker Lane South was an earthern embankment; that the defendant had negligently permitted quantities of snow, ice and water to collect on the roof of this portion of the building, for the drainage of which he had negligently failed to provide a gutter or other outlet to carry the water

away from the sidewalk, but on the other hand had permitted it to fall in large quantities from the roof upon the embankment, whence it trickled to the sidewalk; that at a certain point the sidewalk had become depressed, allowing the water coming thus upon it to collect and freeze in the depression, rendering the walk unsafe for public travel; and that the plaintiff, passing over it in the exercise of due care, slipped and fell upon the ice, receiving thereby the injuries for which she sought to recover. The complaint then specifically alleged that the condition of the sidewalk at the point where the plaintiff fell was caused by the negligence of the defendant in permitting snow, ice and water to fall upon the embankment and thence to trickle upon the sidewalk, in failing to provide a gutter or other artificial drainage to carry off the snow, ice and water accumulating upon the roof of the building, and in failing to place sand or other material upon the walk to prevent pedestrians slipping upon it or provide barriers about it to warn them of danger.

The defendant demurred to the complaint upon four grounds: First, that it did not appear that the ice upon which the plaintiff fell was formed otherwise than from water trickling down an embankment upon the defendant's premises in a natural manner and without artificial accumulation by him; second, that it did not appear that the defendant caused the sidewalk to become broken or depressed; third, that it did appear that the defendant had leased the premises to a tenant who was in possession of them at the time of the plaintiff's injury; and fourth, that the ice was situated within the limits of a public highway which it did not appear to be the duty of the defendant to build, maintain or repair. The demurrer was overruled and the ruling upon it is one of the errors assigned.

The second and fourth grounds of demurrer may be

briefly disposed of. The action was not based upon a defect in the sidewalk but upon the claimed negligence of the defendant in so using his property abutting upon the walk as to render it dangerous to those lawfully passing over it. *Kane* v. *New Ideal Realty Co.*, 104 Conn. 508, 515, 133 Atl. 686; *Calway* v. *Schaal & Son, Inc.*, 113 Conn. 586, 590, 155 Atl. 813. The third ground of demurrer is not well taken. An owner of a building may be liable for its negligent construction whereby water drips upon a sidewalk and freezes there so as to make it unsafe for pedestrians even though he has leased the building to another, if the circumstances of the leasing be such that the tenant has not the right to make such changes in it as would remedy the defect. *Calway* v. *Schaal & Son, Inc., supra,* p. 592. Moreover, it is expressly alleged that the defendant had reserved the care, control and maintenance of the roof of the building. If this were proven, he might be liable for negligence in not taking reasonable steps to prevent the dripping of water from melting ice and snow upon the roof. *Thelin* v. *Downs,* 109 Conn. 662, 667, 145 Atl. 50.

The first ground of demurrer was, however, sound. The situation presented in the complaint differs materially from that in either of the *Kane* or *Calway* cases. In both these cases the ice upon the sidewalk was due to the dripping from melting ice and snow from the defendant's building, which fell directly upon the sidewalk, whereas here the dripping from the roof was upon an embankment upon the defendant's property whence it was claimed to have trickled upon the sidewalk. An abutting landowner is not liable for the formation of ice upon a public sidewalk due to the natural flow of surface water from his land; and the fact that it is gathered upon the roof of a building and drips or runs from it upon the ground in a way different

from its natural fall, would not of itself impose liability upon him. Such liability can only arise in such a case where the water after coming from the roof upon the ground has not been diffused upon it as it would have been from its natural fall, but has reached the sidewalk in a manner substantially different in volume or course. *Tide Water Oil Sales Corporation* v. *Shimelman,* 114 Conn. 182, 190, 158 Atl. 229; *Melin* v. *Richman,* 96 Conn. 686, 115 Atl. 426; *Field* v. *Gowdy,* 199 Mass. 568, 570, 85 N. E. 884; *Moore* v. *Gadsden,* 87 N. Y. 84; *Greenlaw* v. *Milliken,* 100 Me. 440, 62 Atl. 145. The allegations of the complaint do not state a cause of action within the rule and the demurrer ought properly to have been sustained upon the first ground.

Inasmuch as this case was fully tried after the overruling of the demurrer, had the issues been correctly submitted and no other error intervened, we probably would not have regarded the ruling upon the demurrer as ground of reversal. *New York, N. H. & H. R. Co.* v. *Water Commissioners,* 102 Conn. 488, 497, 129 Atl. 384. But the defendant has also appealed from the denial of his motion to set the verdict aside and an examination of the evidence shows a fatal defect in the plaintiff's proof.

This action was brought in March, 1931, and tried in June, 1931, before our decision in *Calway* v. *Schaal & Son, Inc., supra,* was handed down. It was based upon our decision in *Kane* v. *New Idea Realty Co., supra,* where we recognized that a cause of action might arise out of the negligence of an owner of a building in so using his property as to render dangerous the lawful use of an adjoining sidewalk by reason of ice upon it. In order to recover it was necessary for the plaintiff to offer evidence such that the jury might reasonably find, not merely that the defendant was negligent, but also that this negligence caused the injury which she suf-

fered. There was evidence from which the jury could reasonably have reached the conclusion that at times water from the roof of the defendant's building dripped upon the embankment, ran thence upon the sidewalk and so into the depression in it. It is true that it was an undisputed fact that the sidewalk sloped somewhat away from the depression and there was evidence that in the summer time water falling from the roof upon the embankment and then running upon the sidewalk would flow away from and not into the depression; but there was some evidence that, on the day of the plaintiff's injury, but some hours after it occurred, water dripping from the eaves and running onto the sidewalk did find its way into the depression and the jury might well have believed that the experiments made in the summer would not truly represent conditions as they might exist in the winter, with snow and ice upon the ground. It was necessary, however, for the plaintiff to go farther than to prove that water falling from the roof might, and did at times, run into the depression; it was necessary for her to prove that the ice upon which the plaintiff fell was caused in this way. The only evidence that water from the roof did run into the depression at or about the time of the accident was that of the witness whose testimony has already been referred to and who observed such a condition on the day of, but subsequent to, the accident. An examination of the meteorological reports in evidence discloses that on December 27th, three days before the accident, there was a precipitation of snow, sleet and rain having a total water content of one and thirteen hundredths inches, resulting in many sidewalks, before being cleaned, having a covering of soft slush one to two inches deep; that the thermometer that day hovered around freezing, as it did all the time thereafter until after the accident, on the morning of the 30th, except

for four or five hours in the afternoon of the 29th, when a maximum temperature of thirty-nine degrees was reached; but that this rise in temperature caused so little melting of the snow that it decreased that day only one tenth of an inch. The sidewalk in question had been cleaned off, but in doing this some of the slush from the storm of the 27th might well have been left on it to freeze there. There was, moreover, snow and ice upon the embankment between the sidewalk and the house and a ridge of snow on the other side of the walk caused by cleaning it off and by the plowing out of the street, so that any melting of snow would naturally result in water running upon the sidewalk from the embankment or this ridge. Under the circumstances a conclusion that the ice upon which the plaintiff slipped was caused by water coming from the roof of the building would be merest conjecture, not reasonably supported by the evidence. The plaintiff failed to prove a necessary factor in her case and the verdict should have been set aside.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.