## MARGARET GALLAGHER
vs.
## CITY OF NEW HAVEN, ET AL.

Superior Court      New Haven County      File #51822

Present: Hon. PATRICK B. O'SULLIVAN, Judge.

John D. McHugh,                Attorney for the Plaintiff.

Arthur B. O'Keefe,             Attorney for the Defendants.

## MEMORANDUM FILED MARCH 9, 1937.

O'SULLIVAN, J.   The plaintiff's action is directed against the City of New Haven and Louis L. Rosenberg, Trustee, to recover damages for injuries received when she slipped upon an icy sidewalk adjacent to the property owned by the defendant, Rosenberg, within the City of New Haven.   To the complaint, the City has filed an answer.   Rosenberg, however, has demurred and, in so doing, has raised two questions:

1.  Does Chapter 330 of the Special Acts of 1935 impose civil liability upon a property owner for injuries sustained by a traveler who has slipped on snow or ice located upon the sidewalk adjacent to his property.

2.  If the Legislature intended to create such liability, is its action constitutional in view of the Fourteenth Amendment to the Federal Constitution as well as of Sections 1, 9, 11 and 12 of Article First of our State Constitution?

Whether the Legislature remained within its constitutional limitations demands no present consideration because of the view taken of the Act in question.   Suffice it to observe with reference to such constitutionality that the authorities are by no means in accord.   Seward vs. Wilmington, 2 Marv. (Del.) 189; Noonan vs. Stillwater, 33 Minn., 198; Contra, Lincoln vs. Janesch, 63 Neb. 707.

The act passed by the General Assembly in 1935 is entitled "An Act Concerning Sidewalks in the City of New Haven". Of its five sections, the first three may appropriately be set forth in full:

"Section 1.   Any action brought against the City of New Haven claiming damages for injuries to person or property under **Section 1419 or 1420 of the General Statutes** shall be tried to the court and, if the court shall find for the plaintiff, a judgment rendered for him shall be recorded as in other civil actions, but no costs or judgment fee shall be taxed against the defendant.

"Sec. 2.   After the first day of July, 1935, the duty of keeping in reasonable repair sidewalks within the limits of said city shall devolve upon said city and said city is authorized to repair all sidewalks and to make appropriation for payment therefor in the month of September, 1935, and annually thereafter.

"Sec. 3.   The duty of keeping sidewalks in said city free from snow and ice shall be upon the adjoining property owner and said city is authorized to make suitable ordinances relating thereto."

This Act became effective on May 24, 1935.   From that date until several months after the plaintiff sustained her injuries, no ordinance predicated upon the grant of power found in Section 3 was enacted by the City.   It was not until June 1, 1936, that the Board of Aldermen adopted an ordinance, known as Section 771, by whose terms a property owner is required either to remove snow and ice from sidewalks abutting his land or to render it harmless by sprinkling sand or ashes upon it.   Its concluding paragraph provides that "any person injured in person or property by means of a defective sidewalk caused by an accumulation of snow or ice or sleet thereon, shall recover damages therefor from the adjoining property owner of land".

This ordinance was a substitution for a similarly denominated one, namely, Section 771, in force on the day of the plaintiff's mishap.   **Charter and Ordinances of the City of New Haven, Revision of 1928, page 520.**   The only substantial change affected by the passage of the ordinance of June 1, 1936, was to create a civil liability to a traveler in lieu of a penal obligation to pay a fine of not over $10.00 for failing to comply with the terms of the ordinance.

The sequence of the plaintiff's argument, in opposition to the demurrer, appears to be this: the presence of snow or ice may render a sidewalk defective; **Section 1420 of the General**

Statutes affords relief to any person injured by a fall due to a defective sidewalk; this relief consists of a right of action to recover damages from the party bound to keep the walk in repair; Chapter 330 imposes upon adjoining property own-ers the duty of keeping the adjacent sidewalks free from snow and ice; property owners are, therefore, the parties bound to keep the sidewalks in repair by freeing them from the dangers of icy conditions and accordingly such owners must respond in damages to travelers injured by slipping on ice.

It is, of course, obvious that the solution of the problem raised by the demurrer hinges on a construction of the Act known as **Chapter 330 of the Special Acts of 1935.** It is elementary, but entirely proper, to remark that the fundamen-tal rule for the interpretation of a legislative enactment is the application of the intention of the General Assembly. This intention must be ascertained from the Act itself, if the langu-age is plain; but, if doubtful, the true meaning may be determ-ined by considering it in the light of all its provisions, the object to be accomplished by its passage, its title, preexisting legislation upon the same subject, and other relevant circum-stances. **Old Saybrook vs. Public Utilities Commission, 100 Conn., 322.** Another principle of present application is that where a statute is in derogation of common law, or where it creates a liability when formerly none existed, it should receive a strict construction in favor of those persons sought to be subjected to its operation. A court is not justified in going beyond its clearly expressed provisions. Nor is such a statute to be extended or enlarged in its scope by the mechanics of construction. **Stoll vs. Judd Company, 106 Conn., 551; Alex-ander vs. Crosby, 143 Ia., 50.**

The General Assembly must be presumed to have known of its own traditional policy, expressed in numerous legislative enactments dating back to the dawn of Connecticut history, whereby the governmental duty of maintaining highways in a reasonably safe condition has uniformly been placed upon towns save in exceptional cases such as those affecting turn-pike, street railway companies, and the like. **Goshen & Sharon Turnpike Company vs. Sears, 7 Conn., 86; Lavigne vs. New Haven, 75 Conn., 693.**

If Chapter 330 is authority for what the plaintiff would have it mean, then this is the first instance brought to the attention of this Court where the Legislature has removed

from a town and transferred to private citizens the burden of maintaining sidewalks in a reasonably safe condition. It seems appropriate to observe that had the Legislature any intention to make such a radical departure from its time-honored policy, it would doubtless have found apt words to indicate its intention clearly and free from any doubt as to its purpose. **Stevens vs. Neligon, 116 Conn., 307.**

For after all, the basis of the plaintiff's interpretation of the Act lies in an appeal to the magic of inferences and implications. She argues that the primary duty of the care of sidewalks (and I now speak of them with reference to snow and ice) has been removed from the city's shoulders Of necessity, she must take this stand, for otherwise, she would find herself in the untenable position of attempting to reconcile the existence of a primary duty upon the city and another such duty upon the adjoining property owner. This would give birth to an impossible legal monstrosity because, although the duty of maintaining its sidewalks in a reasonably safe condition might be breached by the City, no injured party could ever recover in view of the long line of decisions from **Bartram vs. Sharon, 71 Conn., 686,** that a municipality is never liable under **Section 1420 of the General Statutes** where the act of another combines to cause injury to a traveler on the highway.

One examines the Act in vain for any language expressly relieving the City from the burden placed upon it by **Section 1411 of the General Statutes.** On the contrary, Section two quite definitely lodges with the City "the duty of keeping in reasonable repair" the sidewalks within its territorial limits.

It would therefore appear that Section two is but a restatement of existing statutory law, unless Section three, by implication, nullifies this construction.

The important section of the Act then, is Section three, which for the sake of clarity is restated:

"Sec. 3. The duty of keeping sidewalks in said city free from snow and ice shall be upon the adjoining property owner and said city is authorized to make suitable ordinances relating thereto."

To assert that this section places a primary duty on the property owner as well as, by implication, destroys the primary duty resting on the City, places the asserter in the uncom-

fortable position of trying to explain what the Legislature meant by the words: "and said City is authorized to make suitable ordinances relating thereto". For, if the property owner has been legislated by the first portion of Section three into the ranks of "the party bound to keep the walk in repair", **Section 1420 of the General Statutes** provides ample authority to impose the penalty of civil liability and no action on the part of the City by way of ordinances or otherwise is necessary to create it.

Unless one wishes to ignore entirely the latter portion of the section, the only conclusion which logically may be reached is that the Legislature intended to make the property owner subject to a duty to clear the sidewalk of icy conditions and empowered the City to fix a penalty by appropriate ordinances. Whether such authority is so far reaching as to permit the City to create a civil liability need not here be decided, but manifestly it is impossible to give an intelligent interpretation to the entire section by the simple expedient of stating, as the plaintiff does that the first portion of the section imposes a primary duy on the property owner and that the latter may be ignored as surplusage.

This Court concludes that the Act is but the declaration of existing statutory law, with certain minor changes as to costs and trial procedure. The primary obligation still rests upon the municipality.

Quite anomalously the plaintiff concedes this by her very act of joining the City as party defendant and claiming damages from it for failure to keep its sidewalks free from ice. The City likewise recognizes no primary obligation resting upon the property owner through the force of the Act in question. As indicated above, if section three placed this primary duty on the property owner, no ordinance was necessary. The General Statutes would have prescribed the penalty. If, on the other hand, the passage of an ordinance was essential, one enacted several months after the plaintiff's fall could not in retroactive fashion affix a penalty upon the defendant Rosenberg and give to this plaintiff a right of action against him.

Finally, the ordinance in force when the plaintiff fell provided for no other liability than the payment of a fine. At common law the owner of property owes no duty to pedestrians to keep the adjacent sidewalks free from snow or ice

due to natural causes, or to obviate an icy condition, so resulting, by covering it with sand and ashes. **Hartford vs. Talcott, 48 Conn., 525.** Not infrequently, however, are found ordinances passed pursuant to charter authority, requiring abutting owners to remove snow and ice from the adjacent sidewalks and prescribing a criminal liability for failure so to do. This is a proper and valid exercise of municipal power. **State vs. McMahon, 76 Conn., 97.** Of such a character was the New Haven ordinance at the time the plaintiff received her injuries. But such liability cannot be made the basis of a civil liability to one injured by falling upon an icy sidewalk which the abutting owner has neglected to make reasonably safe. There is an unanimity of opinion that owners of premises abutting a sidewalk are not responsible to individuals for injuries resulting from a failure to remove snow and ice created by natural causes, even where there is a valid ordinance requiring them to do so. Their sole liability is to pay the penalty prescribed by the ordinance. **I Thompson on Negligence, Sec. 1209; Kirby vs. Boylston Market Assn. 14 Gray (Mass.) 249; Flynn vs. Canton Company, 40 Md., 312; Hartford vs. Talcott, supra.**

For the foregoing reasons the plaintiff has failed to state a cause of action against the defendant Rosenberg and his demurrer is sustained upon the first ground.