ALBERT LANGLOIS v. DELIA MURPHY

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 16205
AT WATERBURY

Memorandum filed August 4, 1947.

A. *Henry Weisman*, of Waterbury, for the Plaintiff.

*Bronson, Lewis, Bronson & Upson*, of Waterbury, for the Defendant.

MELLITZ, J.  The plaintiff seeks damages for injuries he sustained from a fall on a patch of ice on the sidewalk in front of property owned by the defendant.

The complaint alleges that a driveway on the defendant's premises slopes down towards the sidewalk and the the ice was formed as a result of the negligence of the defendant in permitting water, snow and ice to accumulate on the driveway and flow down onto and across the sidewalk where it froze and rendered the sidewalk unsafe and dangerous.  It is further alleged that the defendant was negligent in failing to divert from the sidewalk the water and melting snow and ice which ran down the driveway and in not sanding the walk or otherwise protecting pedestrians from danger.

An abutting landowner ordinarily is under no duty to keep the sidewalk in front of his property in a reasonably safe condition for public travel, and is not liable for a dangerous condition thereon when he has not by his own act created the condition.  *Stevens* v. *Neligon*, 116 Conn. 307, 310.  He is not liable for the formation of ice upon a public sidewalk due to the natural flow of surface water from his land.  *Young* v. *Talcott*, 114 Conn. 675, 678.

To form the basis for a recovery in a situation such as that here presented a showing was required that the defendant so maintained her premises as to cause the water which flowed from her premises to be diffused upon the sidewalk in a manner substantially different in volume or course than would naturally have been the case.  *Young* v. *Talcott*, supra, 679.  No such evidence was presented.

Judgment may enter for the defendant to recover costs.