[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: ABUTTING PROPERTY OWNERS' LIABILITY TO MUNICIPALITY FOR DEFECTIVE SIDEWALK INJURIES
Plaintiff Deborah A. Scollin has filed a one count revised complaint in which she alleges that on May 23, 1989 at approximately 7:30 p.m., she fell on a public sidewalk located in the territorial limits of defendant City of Shelton, Connecticut (hereinafter "City"). She claims that the sidewalk was adjacent to property owned by third party defendant Joseph Nesteriak (hereinafter "Nesteriak").
The plaintiff alleges that her fall was due to the dangerous and defective condition of the sidewalk in that it was uneven, broken-up, cracked, raised and of varying heights and having holes, was in a state of disrepair. She further alleges that the condition of the sidewalk resulted from the City's breach of its statutory duty to keep and maintain the sidewalks and streets within its territorial limits in a reasonably safe condition.
On August 6, 1990, the City filed an answer and special defenses. By way of special defense the City claims that if the plaintiff did sustain any injuries or damages as alleged, those injuries or damages were proximately caused by her own negligence.
On November 9, 1990, the City filed a two count third party complaint against Nesteriak, the first count of which alleges that Nesteriak breached his duty to keep the sidewalk in a safe and convenient condition for public use and the second count of which alleges that if the plaintiff did sustain any injuries or damages, they were caused by the negligence of Nesteriak's failure to keep the sidewalk in a safe and CT Page 2992 convenient condition for public use. In the second count of the third party complaint, the City further alleges that the plaintiff was injured at a time and place where Nesteriak was in control of the premises, to the exclusion of the City, and that if a judgment is obtained against the City, then it will be entitled to indemnification from Nesteriak.
On April 1, 1991, Nesteriak filed an answer in which he denies (1) any duty imposed by ordinance to keep the subject sidewalk safe and convenient for public use, (2) any breach of such duty, (3) that he was actually negligent by not remedying the defective condition of the public sidewalk adjacent to his property, and (4) any liability to the city for plaintiff's injuries.
On September 28, 1992, Nesteriak filed a motion for summary judgment on the City's third party complaint against him. In the motion, Nesteriak moves for summary judgment on the ground that there is no genuine issue of material fact as to his liability. The City opposes Nesteriak's motion. The parties have filed their memoranda of law. Neither party has filed affidavits.
"`[A]ny party may move for summary judgment,'" except that if the motion is filed before October 1, 1992, the pleadings must be closed. Brookfield v. Candlewood Shores Estates, Inc., 201 Conn. 1, 4, 513 A.2d 1218 (1986), quoting Practice Book 379. "The party seeking summary judgment bears the burden of showing the nonexistence of any material fact, which is any fact that will make a difference in the result of a case." Bassin v. Stamford, 26 Conn. App. 534, 537,602 A.2d 1044 (1992). The "party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984). "The failure to file documentation supporting the motion, though it may impact upon its effectiveness, does not render it per se defective in that, in some cases, the propriety of summary adjudication may be demonstrated upon the pleadings alone." Barone v. Schuster Express, Inc., 2 CSCR 315.
Third party defendant Nesteriak makes two arguments in support of his motion for summary judgment. First, he argues that an abutting landowner has a duty to keep the public CT Page 2993 sidewalk in front of his property in a reasonably safe condition for travel only if the landowner has created a hazardous condition on the sidewalk. He further argues that since the City fails to allege any positive acts leading to the allegedly defective condition, there are no genuine issues as to any material facts regarding his liability for negligence. Secondly, Nesteriak argues that the City is attempting to allege a cause of action by an injured traveler against an abutting property owner for injuries received as a result of a sidewalk defect under Shelton Ordinance Number 465. He further argues that since the Connecticut Legislature has not authorized this shifting of liability from a municipality to an abutting landowner, Shelton Ordinance Number 465 is void.
The City argues firstly, that General Statutes7-148(e)(6)(C)(v) states that owners of land adjacent to any sidewalk shall remove any other obstruction therefrom and that an obstruction has been defined as a hindrance, obstacle, impediment or barrier. It further argues that since that statute provides a municipality with the power to enact ordinances pertaining to the use and maintenance of sidewalks, Shelton Ordinance Number 465 is valid. Secondly, the City argues that since Shelton Ordinance Number 465 states that the owner of land abutting a public sidewalk shall maintain that sidewalk which fronts his property in a safe condition at all times, Nesteriak's alleged failure to maintain the sidewalk constitutes a breach.
"An abutting landowner ordinarily is under no duty to keep the sidewalk in front of his property in a reasonably safe condition for public travel, and is not liable for a dangerous condition thereon when he has not by his own act created the condition. (Emphasis added.) Langlois v. Murphy, 15 Conn. Sup. 137,138 (Super.Ct. 1947), citing Stevens v. Neligon, 116 Conn. 307,164 A. 661 (1933). Additionally, there is no liability upon an abutting property owner for injuries resulting from the effects of natural causes upon streets or sidewalks. . . ." Willoughby v. New Haven, 123 Conn. 446, 451, 197 A. 85 (1937).
General Statutes 13a-149 states in pertinent part "[A]ny person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair." "Where a sidewalk is located within the highway lines the municipality may be liable under this statute." (Emphasis added.) Kuchinsky v. Ansonia, 2 Conn. L. CT Page 2994 Rptr. 544, 545 (October 12, 1990, Fuller, J.), citing Rodriguez v. New Haven, 183 Conn. 473, 439 A.2d 421 (1981).
"[I]f . . . liability . . . can be shifted from the municipality to the individual it must be accomplished by statutory or charter provision or by ordinance adequately authorized by such provision. . . ." Willoughby v. New Haven, supra. Nevertheless, "`[s]o far as defects . . . result wholly from the operations of nature, the proprietor at whose front they exist is without responsibility for them.'" Id., quoting Hartford v. Talcott,48 Conn. 525, 534, (1881). Furthermore, the party claiming indemnification cannot recover unless he proves that the party primarily liable for the wrong was actively negligent. Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 416,207 A.2d 732 (1965).
In the present case, Shelton Ordinance Number 465 states that "[t]he owner(s) of land abutting a public sidewalk shall maintain that sidewalk which fronts their property in a safe condition at all times." There is no language in this ordinance nor in any statute cited by the City which exposes or imposes upon defendant Nesteriak any liability for plaintiff Deborah Scollin's injuries. "In determining whether or not a statute abrogates or modifies a common-law rule the construction must be strict, and the operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope." Willoughby v. New Haven, supra, 454. The same principle of construction applies to an ordinance. Since the City has not alleged that Nesteriak performed some positive act which created a hazardous condition of the sidewalk, there is no genuine issue of material fact with respect to defendant Nesteriak's alleged liability. See Wilson v. New Haven,213 Conn. 277 (1989); Kaplan v. Merberg Wrecking Corporation, supra, at 415, and Weintraub v. Richard Dahn, Inc., 218 Conn. 570, 573
(1982).
Accordingly, defendant Nesteriak's motion for summary judgment is granted.
Clarence J. Jones, Judge CT Page 2995