WILLIAM J. STEVENS (LUCY M. STEVENS, ADMINISTRATRIX, SUBSTITUTE PLAINTIFF) *vs.* FRANK P. NELIGON ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 4th—decided February 21st, 1933.

*Harry R. Cooper,* for the appellant (plaintiff).

*Daniel J. Danaher,* for the appellee (defendant Neligon).

BANKS, J. The plaintiff brought suit against Neligon and the city of Meriden to recover damages for an injury caused by a fall upon a sidewalk in front of his property in the defendant city. The only question upon this appeal is that raised by the demurrer of the named defendant to the complaint.

The complaint alleges that the sidewalk at the point where the plaintiff fell was dangerous by reason of the fact that it was covered by a layer of ice, that it was the duty of the defendant Neligon, under the city ordinance, to remove the ice or cover it with sand or other suitable substance, that he had neglected to do so and that by reason of such neglect the plaintiff had fallen and suffered the injuries complained of. The complaint further alleged that the sidewalk was defective and not reasonably safe for public travel in that the flagstones were not even, one being raised above the other, and that it was so laid as to present a sloping surface, thereby creating a structural defect in the sidewalk rendering it more dangerous by reason of the accumulation of snow and ice, that the defendants had neglected to make such structural changes in the sidewalk as to make it reasonably safe for public travel and that by reason of such improper construction of the walk by the defendant city, or by its being allowed to remain in such defective condition by the city, the plaintiff fell and was injured.

The defendant Neligon demurred to the complaint upon the grounds, in substance, that it did not appear that the sidewalk was under his jurisdiction and control, and that it was the primary duty of the city to keep it reasonably safe for travel, which duty could not be delegated to, or imposed upon, this defendant by a city ordinance. Unless certain charter provisions of the city of Meriden, to be considered later, are controlling, the demurrer was rightly sustained. The State places upon the municipality the burden of keeping its highways in a reasonably safe condition for public travel, and this duty it cannot impose upon the property owner by contract or ordinance. *Hartford* v. *Talcott*, 48 Conn. 525, 532; *Kristiansen* v. *Danbury*, 108 Conn. 553, 559, 143 Atl. 850. When the

abutting property owner has not by his own act created a condition upon the highway dangerous to the traveler, he is not responsible where, by reason of the failure of the city to perform its duty, it has become unsafe for public travel.

The plaintiff contends that the complaint sets up a good cause of action against the defendant Neligon under a Special Act of the legislature enacted in 1915 amending the charter of the city of Meriden, 17 Special Laws, p. 72, which is set forth in the footnote.

In 1921 the legislature passed a Special Act revising the charter of the city of Meriden and consolidating the town and city governments thereof. 18 Special Laws, p. 919. This Act contained no provision analogous to those of the 1915 Special Act, but did contain a provision (§ 5) that "all charter provisions, laws, ordinances, resolutions, orders, rules and regulations in force in the city of Meriden, at the time when this act takes effect, not inconsistent with its provisions, shall continue in force until otherwise provided by law, ordinance, resolution, order or vote." We assume, for the purposes of this case, that the Special Act of 1915 is still in force and controlling as to the rights of the parties hereto, if applicable thereto.

"Any person who shall cause any defect in or place or cause to be placed any obstruction on any of the streets of the city of Meriden shall be held to answer any claim for damages which may be made by reason thereof against said city. In any suit against said city wherein the plaintiff claims to have sustained damages by reason of such defects or obstructions, the person causing the same may be cited in to defend, and in such action no judgment shall be rendered against said city until the execution against the person causing such defect or obstruction shall have been returned unsatisfied in whole or in part. Upon the payment of any judgment by the city, the judgment against such person shall inure to the benefit of said city, which shall in no case be liable for any injury occasioned by ice or snow upon the sidewalks of said city, except in cases where there is a structural defect in such walks of a character to render the same more dangerous by reason of ice or snow thereon."

The complaint does not recite the Special Act, nor expressly aver that the action was brought upon it, but, on the contrary, recites and relies upon a charter provision authorizing the common council to enact ordinances compelling property owners to remove snow and ice from sidewalks in front of their property, and upon an ordinance of the city of Meriden requiring such removal. Nor does it appear that this Special Act was called to the attention of the trial judge. However, it is sufficient if the complaint states facts which, if true, give an action under the statute, and the statute is the law of the land which the parties and the court were conclusively presumed to know. *Cunningham* v. *Cunningham,* 72 Conn. 157, 44 Atl. 41. The question, then, is whether the complaint alleges facts upon which, if true, the plaintiff would be entitled to recover under the Special Act. The Special Act provides that "any person who shall cause any defect in or place or cause to be placed any obstruction on any of the streets of the city of Meriden" shall be answerable for any damages resulting from such action. The complaint alleges that the plaintiff's fall was due either, on the one hand, to structural defects or improper construction of the walk by order of the city or because the city allowed it to remain in a defective condition, or, on the other hand, to the failure of the defendant Neligon to remove the snow and ice from the sidewalk or otherwise make it safe for travel. It charges the city alone with responsibility for creating the structural defect and permitting it to remain, and seeks to hold Neligon for his failure to remove the snow and ice from the sidewalk or to sand or otherwise make it safe for travel. The plaintiff's argument is that a condition can be caused by negligence as well as by active conduct, that negligence is the failure to perform a duty owed to someone, that by virtue of the

city ordinance Neligon owed him a duty to remove or sand the ice and snow, and that because of his failure to do so he may be said to have caused the defect in the walk. The defendant's duty to remove the snow and ice is one owed to the city. As we have already seen, the city ordinance cannot cast upon the property owner liability to a traveler upon the highway for failure to perform that duty. The defendant therefore cannot be held responsible on the ground of negligence arising from his failure to perform a duty owed to the plaintiff. It is true that an existing condition may sometimes be said to be caused by one who did not create it but permitted it to continue, though he was under no duty to remove it. We do not construe the Act of 1915 to impose a liability upon a property owner for a defect in the streets of the city which he did not himself create. The duty of the municipality is to use reasonable care to keep its streets and sidewalks reasonably safe for public travel. If it had been the intention of the legislature to cast upon property owners in Meriden the primary duty of keeping the streets reasonably safe, which would include the duty to remedy a defect, such as a dangerous condition caused by snow or ice, for the creation of which they were not responsible, it doubtless would have found apt words to create such a duty. The apparent intention of the legislature was to make the property owner, rather than the city, primarily responsible for damage caused by some obstruction which the former had placed in the street or by some defective condition which he had himself created. The Special Act does not purport to impose upon the property owner the duty of keeping the street in front of his property reasonably safe for travel, for which there would not be the same justification as there is in requiring him

to be answerable for the results of his own conduct in creating a dangerous condition in the street.

The Waterbury charter has contained a similar provision since 1895 (12 Special Laws, p. 443) and the New Haven charter since 1921 (18 Special Laws, p. 500) and we are not aware of any case in which it has been claimed that they imposed any liability upon the property owner for failure to remove snow or ice from the sidewalk, though actions have been brought seeking to hold the property owner by reason of obstructions or defects claimed to have been created by him in the streets of those cities. *Waterbury* v. *Clark,* 91 Conn. 254, 99 Atl. 578; *Krooner* v. *Waterbury,* 105 Conn. 476, 136 Atl. 93; *Corcoran* v. *New Haven,* 108 Conn. 63, 142 Atl. 569. Apart from these charter provisions, an abutting owner is liable in damages for an injury resulting from a nuisance created by him in the highway which renders it unsafe for public travel. *Hanlon* v. *Waterbury,* 108 Conn. 197, 142 Atl. 681. Under these charter provisions, when an action has been brought against the municipality for injuries so caused, the city may cite in the property owner, as the person primarily responsible, to defend the action.

The complaint does not allege facts sufficient to state a cause of action against the defendant Neligon, and the court properly sustained his demurrer thereto.

There is no error.

In this opinion the other judges concurred.