FRANCES H. CHAMPAGNE
vs.
CITY OF MERIDEN

ANTONETTA JULIUS
vs.
CITY OF MERIDEN

Superior Court      New Haven County        File #49016
                                                        #49323

Present:  Hon. ARTHUR F. ELLS, Judge.

Morris M. Wilder,                Attorney for the Plaintiffs.

D. T. O'Brien;
D. L. O'Neill,                   Attorneys for the Defendant.

MEMORANDUM FILED MAY 14, 1936.

ELLS, J.   The First Count of each complaint attributes the injury to a "defect" consisting solely of snow "trodden underfoot by travelers on said sidewalk and it became uneven, slippery and defective".

By Special Act the City of Meriden is not liable for injury

occasioned solely by snow or ice upon its sidewalks. It is liable if there is a structural defect of a character to render the walk more dangerous by reason of snow or ice thereon. It seems rather obvious that the cause alleged is the one outlawed by the Special Act. It has to do with snow alone, and not with an underlying structural defect. Counsel's argument seems to be based on a phrase contained in **Stevens vs. Neligon, 116 Conn. 312,** "which would include the duty to remedy a defect such as a dangerous condition caused by snow or ice". This phrase was used in contrasting the duty of an adjoining owner with a city's duty, and in connection with a complaint which alleged a structural defect, uneven flagstone, which became more dangerous because of snow or ice. The Second Count in our complaint is modeled on that, and is not demurred to. There is an important distinction between a sidewalk rendered defective by an accumulation of snow and ice (where the defect is the accumulation of snow and ice) and a sidewalk which has a structural defect rendered more dangerous by such accumulation. Meriden is exempt in the former situation.

The demurrer in each case is sustained.