## JENNIE FALLON
### vs.
## D. MONGILLO & SONS, INC.

Superior Court     New Haven County     File #48267

Present:  Hon. EDWIN C. DICKENSON, Judge.

James P. Doherty,         Attorney for the Plaintiff.

David M. Reilly,          Attorney for the Defendant.

**MEMORANDUM FILED SEPTEMBER 21, 1936.**

DICKENSON, Judge.  The plaintiff was riding in a car owned by her and operated by a friend, in the night season. Without warning to the driver the car came upon a patch of oil that extended across half the road, skidded, and turned over, injuring the plaintiff and wrecking the car.

About three hours before this occurrence a witness saw two oil tanks mounted on trucks pass by the place of the accident, one truck following immediately after the other. From the second tank a stream of oil about three inches in diameter poured on the highway in or near the car tracks. This witness testified that this oil was tracked across the road by passing vehicles until it covered the east lane of traffic by the time the plaintiff's car approached and skidded on it. While the witness did not see the name on the truck or

recognize the operator he described it and the preceding truck. The plaintiff step by step has traced the offending tank from the residence of the defendant to the scene of the accident, and thence to its starting point, synchronizing time and place so as to leave no doubt that it was the defendant's tank from which the oil was discharged.

It has further been satisfactorily shown that the attention of the defendant was called to the leakage shortly before the scene of the accident was reached and the leak was not stopped. From his own statement it appears the defendant's president followed closely behind the tank as it proceeded and it follows that he saw or reasonably should have seen the tank was leaking.

It may be taken as a matter of common knowledge that oil discharged upon a public highway in this manner would constitute a dangerous condition and as a matter of law that the person responsible for discharging it negligently would be liable to one injured thereby. **Hanlon vs. Waterbury, 108 Conn., 197; Stevens vs. Negligon, 116 Conn. 307, 313.**

The plaintiff suffered a dislocated shoulder, a broken collar bone, numerous cuts and bruises and a nervous shock. Her car, an old one, was damaged beyond worth or repair.

Judgment is directed to recover eighteen hundred dollars damages.