### MARY O'NEILL v. PAULINE GRAFF

SUPERIOR COURT       NEW LONDON COUNTY       FILE No. 16728

Memorandum filed April 9, 1946.

*John T. Barry*, of Norwich, for the Plaintiff.

*Taylor* and *Tribou*, of Hartford, *Josiah Greenstein*, of Norwich, for the Defendant.

INGLIS, J.  The complaint to which this demurrer is directed alleges that the plaintiff received personal injuries by reason of a fall on an icy sidewalk in the public highway in front of premises owned by the defendant.  The only allegation that the

defendant owed any duty to the plaintiff with reference to keeping the sidewalk safe for travel is that "by law of the municipality and State [she] was and is charged with the care and maintenance in proper condition of the sidewalk in front of" her premises. This clearly is an allegation of law and not of fact. Upon argument counsel for the plaintiff disclaimed any intention to allege thereby that the municipal charter imposed any obligation on the defendant to keep the sidewalk safe. Accordingly, the case is governed by the general law irrespective of the allegation of law set forth in the complaint.

It is of course well established that the owner of property abutting a highway is not liable simply by reason of that ownership for injuries sustained by a traveler on the highway. He is liable only if the injuries have resulted from conditions which he has created. *Sawicki* v. *Connecticut Ry. & Lighting Co.*, 129 Conn. 626; *Stevens* v. *Neligon*, 116 Conn. 307.

Inasmuch as this complaint fails to allege any act or neglect on the part of the defendant which created the defect which was the cause of the plaintiff's fall, it is clearly demurrable.

The demurrer is sustained for the foregoing reasons.