AGNES JANKOWSKI *v.* CITY OF BRIDGEPORT ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE NO. 160148
AT BRIDGEPORT

Memorandum filed March 11, 1977

*Smyth, Oburchay & Halloran,* for the plaintiff.

*Jack Samowitz,* of the office of the city attorney, for the named defendant.

*McNamara, Patti & Bosze,* for the defendants American Discount Stores, Inc., and Joseph A. Aboudi.

SADEN, J. The defendants American Discount Stores, Inc., and Joseph A. Aboudi have demurred to the third and fifth counts of the plaintiff's complaint, which sound in negligence, on the ground that no landlord or abutting property owner has a duty to maintain a public sidewalk regardless of any city ordinance requiring maintenance of a sidewalk. The plaintiff claims that by virtue of General Stat-

utes § 7-118[1] and Bridgeport ordinance § 27-25[2] these defendants are liable in negligence for failure to maintain properly the subject sidewalk area.

The plaintiff's complaint alleges that she was injured when she fell over a hatchway door located in the sidewalk abutting the premises of these defendants. She alleges that the door was improperly fitted so as to be raised above the level of the sidewalk and that it was not properly maintained by the defendants.

The defendants do not challenge that part of the plaintiff's complaint which sounds in nuisance as they unquestionably would be liable for any public nuisance created by them. See, e.g., *Fabrizi* v. *Golub*, 134 Conn. 89, 94; *Perkins* v. *Weibel*, 132 Conn. 50; *Stevens* v. *Neligon*, 116 Conn. 307, 313; *Hanlon* v. *Waterbury*, 108 Conn. 197. Rather, the defendants claim that, notwithstanding any statute

---

[1] "[General Statutes] Sec. 7-118. CONSTRUCTION, MAINTENANCE AND USE OF SIDEWALKS. The legislative body of any town may make ordinances concerning sidewalks within their respective limits and which lie outside the limits of a city, borough or incorporated village; may, by such ordinances, regulate the use and provide for the maintenance thereof; may provide for the construction of sidewalks by the owner of land abutting on any highway and in front of whose premises no artificial sidewalk has been constructed; may provide for the repair of sidewalks by the owner in front of whose premises any sidewalk is in need of repair; may provide for the removal of snow and ice from such sidewalks by the owner, tenant or occupant of premises adjoining and fronting on such sidewalk and may fix a penalty not exceeding five dollars for each violation of such ordinances. The selectmen may construct or repair such walk or remove any snow or ice therefrom upon the default or neglect of the owner, tenant or occupant of such adjoining premises to comply with such ordinances. The expense of such construction, repair or removal shall be a lien upon the premises adjoining such walk, provided the selectmen shall cause a certificate of lien to be recorded in the town clerk's office within sixty days from the completion of such construction, repair or removal."

[2] "Sec. 27-25. REMOVAL OF OBSTRUCTIONS, SNOW AND ICE FROM SIDEWALKS. (a) Every person owning any land upon or adjacent to which there is a sidewalk, paved, concreted or worked, shall keep

or ordinance requiring them to maintain and repair public sidewalks abutting their property, they may not be held liable in negligence to a person for injuries caused by any negligent failure on their part to maintain or repair such sidewalks.

One encounters difficulty in dealing with cases in this area since the courts have often talked indiscriminately of public nuisance and negligence. See Prosser, Law of Torts (4th Ed.) § 57, p. 352 n.9. Generally speaking, in the absence of a statute or ordinance to the contrary, the owner or occupier of land abutting a public sidewalk does not, solely by virtue of being an abutter, owe a duty to the public to keep the sidewalk in a safe condition. *Tenney* v. *Pleasant Realty Corporation,* 136 Conn. 325, 329; *Stevens* v. *Neligon,* supra; *Hanlon* v. *Waterbury,* supra; see also annot., 88 A.L.R.2d 331, 340. The plaintiff claims, however, that the state statute and the Bridgeport ordinance requiring abutting land-

---

such sidewalk at all times in a safe and convenient condition for the use of the public, and shall forthwith repair all defects and remove all obstructions in any way endangering the public travel upon the same.

"(b) Every owner or occupant of any land or building, or the owner or lessee of any unoccupied land or building adjoining any sidewalk, shall, before sunset, remove any wood, coal, box, barrel, can or any other thing by which such sidewalk shall be in whole or in part obstructed or rendered unsafe or inconvenient to public travel.

"(c) Every owner or occupant of any land or building, or the owner or lessee of any unoccupied land or building, shall keep and maintain any sidewalk adjoining such land and building free from snow, ice or sleet, by which such sidewalk shall be obstructed or rendered unsafe. Whenever such sidewalk shall be permitted to remain covered with snow, ice or sleet for more than six (6) hours after the same shall have been deposited or formed thereon, the director of public works shall remove such snow, ice or sleet from the sidewalk and report the expenses of such removal to the city attorney, who shall immediately collect the same by any proper action against the owner or occupant of the land or building, or the owner or lessee of any unoccupied land or building, adjoining such sidewalk. This section shall not be so construed as to conflict with section 19-310 of the general statutes. (Rev. Ords. 1959, § 32-16.)"

owners to keep sidewalks in safe condition render the defendants liable in negligence to third persons for injuries caused by defects in the sidewalks.

"The State places upon the municipality the burden of keeping its highways in a reasonably safe condition for public travel, and this duty it cannot impose upon the property owner by contract or ordinance. *Hartford* v. *Talcott,* 48 Conn. 525, 532; *Kristiansen* v. *Danbury,* 108 Conn. 553, 559 . . . ." *Stevens* v. *Neligon,* supra, 309. Moreover, even when a statute or ordinance provides that an abutting landowner is required to keep the sidewalk adjacent to his property in a safe condition or to remove any snow and ice which may accumulate on it, that alone is insufficient to make the owner or occupier liable for injuries caused by his failure to obey the statute. See 39 Am. Jur. 2d, Highways, Streets, and Bridges, § 367; annot., 88 A.L.R.2d 331, 354, and cases cited therein. "The defendant's duty . . . is one owed to the city. . . . [T]he city ordinance cannot cast upon the property owner liability to a traveler upon the highway for failure to perform that duty. The defendant therefore cannot be held responsible on the ground of negligence arising from his failure to perform a duty owed to the plaintiff." *Stevens* v. *Neligon,* supra, 312; see *Willoughby* v. *New Haven,* 123 Conn. 446, 452. Although both *Stevens* and *Willoughby* involved falls on snow and ice, the court in *Willoughby* made clear that the rule is applicable in the repair and maintenance situation. "The decided weight of authority is that no liability to travelers or the city for injuries results from failure to comply with such statute or ordinance. [Citations omitted.] Abutting owners have only been held liable for injuries from defective sidewalks where under charter provisions they were not only charged with the duty of keeping sidewalks in repair but also expressly made liable for injuries

occasioned by defective condition thereof." *Willoughby,* supra, 453–54. See 39 Am. Jur. 2d, loc. cit.; annot., 88 A.L.R.2d 331, 358.

If the injury at issue here were alleged to have been caused by a defect in the sidewalk itself, a defect resulting from the negligence of these defendants in failing to maintain properly that sidewalk, the demurrer would have to be sustained. In that event, under some circumstances, the defendants might be held liable for creating a common-law nuisance, but not for negligence in failing to maintain or repair the sidewalk as provided by ordinance. See *Willoughby* v. *New Haven,* supra, 453–54. Counts three and five, however, allege that the injury was caused by an improperly fitted hatchway door which was in the control of the defendants and for which they were responsible. Although the plaintiff may have improperly alleged the grounds upon which the defendants' liability may be based, namely, a duty imposed by ordinance to maintain the hatchway door and sidewalk, she has alleged sufficient facts to make out a cause of action in negligence for failure to use due care in the maintenance of the hatchway door utilized by the defendants in their business.

In *Fabrizi* v. *Golub,* 134 Conn. 89, the plaintiff sued the abutting landowner and the municipality for injuries sustained when he fell into a stairwell extending from the defendant's building onto the sidewalk. A verdict was rendered for the plaintiff against the defendant municipality only. The court, in reversing the judgment on other grounds, made several statements relevant to the present case. First, the court found (p. 93) that the stairwell was an adjunct to the defendant landowner's building. Second, it found (p. 93) that the defendant owner, and not the city, maintained and exercised control over the stairwell. Since there was no evidence to

the contrary, the court stated that "it must be assumed that they [abutting landowners] owned the land . . . and the stairway was on their property. . . . There was no basis in the evidence from which the jury could find that the city ever asserted or exercised any actual control over it. . . . [T]he Golubs were maintaining the stair well, and they would be liable *if they were guilty of negligence in respect to it, or it constituted a nuisance,* as a result of which a traveler on the sidewalk suffered an injury." *Fabrizi* v. *Golub,* supra, 93–94. (Emphasis added.)

The plaintiff here has alleged that the hatchway door was under the control of the defendants. Although she has not alleged the defendants' ownership of the door, there is authority in this state to support liability in negligence of an occupier of land who " ' "maintains or controls, for his own convenience, an opening in an adjacent sidewalk, . . . in failing to properly close the aperture." ' " *Oneker* v. *Liggett Drug Co.,* 124 Conn. 83, 86. Although *Oneker* involved a situation in which the occupier was held liable for the negligence of employees of a company delivering goods to the occupier's premises, the importance of the elements of maintenance and control over the hatchway door by the abutting occupier in *Oneker* is equally applicable to the present case. This is not a situation where the plaintiff is seeking to hold the defendants liable in negligence for not maintaining a public sidewalk. Rather, she is alleging the negligence of the defendants in failing to maintain properly a hatchway door installed in connection with the use of the defendants' property and entering onto their property which hatchway was, when installed, and still is, located in the sidewalk.

The demurrer is, therefore, overruled.