[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #122
Before the court is the defendants' Carmelo and Carmen Lopez' motion for summary judgment against the plaintiffs Maria and Vidal Agosto in this sidewalk slip and fall case, claiming that there is no dispute as to any material fact and that based on the material facts they are entitled to judgment on the plaintiffs' theories of negligence or nuisance. Because the Bridgeport Ordinance which shifts sidewalk maintenance responsibility to the abutting landowners does not specify that any liability shall attach to the noncomplying landowner beyond reimbursement of the city for any expense required to be made in the event of the landowners default, no private right' of action is created and the plaintiffs have no negligence action against the property owners. Furthermore since the allegations of the complaint fail to sufficiently state a cause of action in nuisance against the defendant landowners counts premised on that theory must fall also because no affirmative acts are alleged which could constitute unlawful or unreasonable use of the land.
Plaintiffs' August 7th amended complaint is in eight counts, four of which are directed against the City and those remaining against abutting property owners Carmelo and Carmen Lopez. Of those counts directed against the Lopezes, count five sounds in nuisance, six claims loss of consortium by Vidal CT Page 4637 Agosto; seven claims negligence on the part of the Lopezes and eight loss of consortium resulting from that negligence. The loss of consortium claims rise or fall with the claim of the principal of whose companionship the plaintiff claims to be deprived.
An order of Judge Spear in an earlier summary judgment procedure dated August 1, 1990 denying the plaintiffs' summary judgment motion implies application of certain principles which the defendants' cases cited makes explicit. In Willoughby v. New Haven, 123 Conn. 446, 451-452 (1937) that court held:
 At common law there is no liability upon an abutting property owner for injuries resulting from the effects of natural causes upon streets or sidewalks such as the accumulation of snow or ice. Primarily it is the sole duty of the municipality to keep its streets in reasonably safe condition for travel, and not the duty of private persons. 2 McQuillin, Municipal Corporations, 681; Hartford v. Talcott, 48 Conn. 525, 534; Stevens v. Neligon, 116 Conn. 307, 309, 312, 164 A. 661; Rochester v. Campbell, 123 N.Y. 405, 412, 25 N.E. 937, 938; Toutloff v. Green Bay, 91 Wis. 490, 494, 65 N.W. 168. Therefore if the liability is or can be shifted from the municipality to the individual it must be by statutory or charter provision or by ordinance adequately authorized by such provision, and, being no greater than that specifically imposed thereby. Imposition upon abutting owners of a duty to clear walks of snow and ice, with a provision of a penalty by fine and costs for failure to do so or for clearing the same by the municipality and collection of the cost from the abutting owner, is not sufficient to render the individual, instead of the city, liable for injuries sustained by reason of snow or ice thereon.
Bridgeport Code 27-25 is such an ordinance as contemplated in Willoughby. It shifts responsibility for clearing "snow, ice or sleet" off the sidewalk of abutting property owners, but assigns no liability for failure to comply beyond reimbursing the City for its expenses in doing the shoveling. The CT Page 4638 Willoughby court was unequivocal in stating that no further liability attaches to the landowner:
 It is a general rule of construction of statutes or ordinances which impose upon property owners the performance of a part of the duty of a municipality to the public that a legislative intent is indicated, unless it is plainly expressed otherwise, that a breach thereof shall be remediable only by the municipal government or by enforcement of a penalty prescribed therein, and that there is no right of action to an individual citizen specially injured in a consequence of such breach. "The most conspicuous cases of this sort are those that deny liability to private suit for violation of the duty imposed by ordinance upon abutting property owners to maintain sidewalk pavements or to remove ice and snow from the walks. "Fielders v. North Jersey Street Ry. Co., 68 N.J.L. 343, 352, 53 A. 404. "When a statute creates an exception to a general rule, it is to be constructed strictly and its language is not to be extended beyond its evident intent."
Section 27-25 of the Bridgeport Code reads as follows:
 Sec. 27-25. Removal of obstructions, snow and ice from sidewalks.
 (a) Every person owning and land upon or adjacent to which there is a sidewalk, paved, concreted or worked, shall keep such sidewalk at all times in a safe convenient condition for the use of the public, and shall forthwith repair all defects and remove all obstructions in any way endangering the public travel upon the same.
 (b) Every owner or occupant of any land or building, or the owner or lessee of any unoccupied land or building adjoining any sidewalk, shall before sunset, remove any wood, coal, box, barrel, can or any other thing by which CT Page 4639 such sidewalk shall be in whole or in part obstructed or rendered unsafe or inconvenient to public travel.
 (c) every owner or occupant of any land or building, or the owner or lessee of any unoccupied land or building, shall keep and maintain any sidewalk adjoining such land and building free from snow, ice or sleet, by which such sidewalk shall be obstructed or rendered unsafe. Whenever such sidewalk shall be permitted to remain covered with snow, ice or sleet for more than six (6) hours after the same shall have been deposited for formed thereon, the director of public works shall remove such snow, ice or sleet from the sidewalk and report the expenses of such removal to the city attorney, who shall immediately collect the same by any proper action against the owner or occupant of the land or building, or the owner or lessee of any unoccupied land or building, adjoining such sidewalk. This section shall not be so construed as to conflict with section 19-310 of the general statutes. (Rev. Ords. 1959, 32-16)
A second case relied on by the defendants is Jankowski v. Bridgeport, 34 Conn. Sup. 1, 4 (Sup.Ct. 1979), which construes the Bridgeport statutes in question:
 "The States places upon the municipality the burden of keeping its highways in a reasonably safe condition for public travel, and this duty it cannot impose upon the property owner by contract or ordinance. Hartford v. Talcott, 48 Conn. 525, 532; Kristiansen v. Danbury, 108 Conn. 553, 559. . . ." Stevens v. Neligon, supra, 309. Moreover, even when a statute or ordinance provides that an abutting landowner is required to keep the sidewalk adjacent to his property in a safe condition or to remove any snow and ice which may accumulate on it, that alone is sufficient to make the owner or occupier liable for injuries caused by CT Page 4640 his failure to obey the statute. See 39 Am. Jur.2d, Highways, Streets, and Bridges, 367; annot., 88 A.L.R.2d 331, 354, and cases cited therein. "The defendant's duty. . .is one owed to the city. . . . [T]he city ordinance cannot cast upon the property owner liability to a traveler upon the highway for failure to perform that duty. The defendant therefore cannot be held responsible on the ground of negligence arising from his failure to perform a duty owed to the plaintiff." Stevens v. Neligon, supra, 312; see Willoughby v. New Haven, 123 Conn. 446, 452. Although both Stevens and Willoughby involved falls on snow and ice, the court in Willoughby made clear that the rule is applicable in the repair and maintenance situation. "The decided weight of authority is that no liability to travelers or the city for injuries results from failure to comply with such statute or ordinance. [Citations omitted.]
Judge Spear's denial of the earlier summary judgment motion was premised on the basis that the claim sounding in nuisance was not vitiated solely the absence of a statutory negligence action. The Jankowski case therefore makes it clear that common-law nuisance claims are unaffected by such statutes as Conn. Gen. Stat. 13a-149 and Bridgeport Ordinance 27-25. In the case of Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177,185 (1987) the Connecticut Supreme Court observed that a cause of action in nuisance can not exist absent an allegation that the defendants controlled the premises at issue, that a hazardous condition was created by the abutting landowners. Absent those allegations and material facts supporting them can be no recovery in a case like this where the complaint itself has alleged no affirmative acts by defendants Lopez which would permit a finding that they controlled the sidewalk. For all of these reasons, summary judgment is granted.
FLYNN, JUDGE