[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff's complaint alleges, in count one, that he was caused to fall while walking on a public highway that was owned by the City of West Haven.
The second count of the complaint alleges that the defendant, Andrew Coppola ("defendant"), who operated a restaurant business along the walk where the fall is alleged to have occurred, "invited the general public, including the Plaintiff to come to the premises for the purposes of his business" and "was aware of a pot-hole in the area used by patrons of his business to come upon his premises, and that said pot-hole created an unreasonable risk of danger to such patrons."
The allegations against the defendant were based upon: CT Page 3292
 "the negligence and carelessness of the Defendant Coppola in one or more of the following ways:
 a.) he failed to warn persons such as the plaintiff of the dangerous condition although he knew or should have known of (sic);
 b.) he failed to take any action to cause the pothole to be remedied or corrected;
c.) he failed to repair said condition."
Coppola moved to strike the second count on the ground that the allegations failed to state a claim upon which relief can be granted. Since it is generally beyond dispute that "[u]nless some relationship exists between the person injured and the defendant by which the latter owes a duty to the former, there can be no liability in negligence. . . .," (citations omitted.) Neal v. Shiels, Inc., 166 Conn. 3, 12 (1974), the motion must be granted. "The law does not recognize a `duty in the air.'" Shore v. Stonington, 187 Conn. 147, 151-152 (1982).
"The purpose of a motion to strike is to `contest. . .the legal sufficiency of the allegations of any complaint. . .to state a claim upon which relief can be granted.'" (Citations omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988). The motion must admit all facts well pleaded but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985).
When testing the sufficiency of a pleading, "[t]he trial court may not seek beyond the complaint for facts not alleged." Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-286 (1982). "The motion to strike. . . `is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged.'" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 549-550
(1980).
However, since "[t]he allegations of the pleadings involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them. . .if the CT Page 3293 facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos, supra, at 108-109.
The essential question in this case is whether a business proprietor owes a traveler on an adjoining highway a duty of care, including a duty to warn of and repair defects upon that highway. The Restatement (Second) of Torts, 349 (1964) states:
 A possessor of land over which there is a public highway or private right of way is not subject to liability for physical harm to travelers upon the highway or persons lawfully using the way by his failure to exercise reasonable care
 a) to maintain the highway or way in safe condition for their use, or
 b) to warn them of dangerous conditions in the way which, although not created by him, are known to him and which they neither know or are likely to discover.
The rule of law in Connecticut has long been in accord with the Restatement in this regard. In Sawacki v. Connecticut Ry. Lighting Co., 129 Conn. 626, 633 (1943), the court held:
 "The general rule is. . .that a landowner is not liable for injuries sustained by travelers upon the highway as the result of conditions which he has not been instrumental in creating or maintaining. There are many cases there cited, and the basis upon which they rest seems to be that by common law and by ancient statutes the duty of rendering highways reasonably safe for traveling rests upon the municipality, particularly because the control of the highways within its bounds has been vested in it."
Also, see Stevens v. Neligon, 116 Conn. 307, 309-310 (1933) ("When the abutting property owner has not by his own act created a condition upon the highway dangerous to the traveler, he is not CT Page 3294 responsible where, by reason of the failure of the city to perform its duty, it has become unsafe for public travel.") The plaintiff makes no allegation that Coppola either created or maintained the dangerous condition upon the highway. Furthermore, while a duty to repair or maintain a public highway may be imposed by statute, ordinance or charter, there is no allegation of such an obligation. See, i.e., Willoughby v. New Haven,123 Conn. 446, 451 (1937).
In Willoughby, the court held:
 At common law there is no liability upon an abutting property owner for injuries resulting from the effects of natural causes upon streets or sidewalks such as the accumulation of snow or ice. Primarily it is the sole duty of the municipality to keep its streets in reasonably safe condition for travel, and not the duty of private persons. (Citations omitted). Therefore if the liability is or can be shifted from the municipality to the individual it must be accomplished by statutory or charter provision or by ordinance adequately authorized by such provision, and, being the creature of statute or such ordinance, it can be no greater than that specifically imposed thereby.
Id.
The motion to strike is granted because the plaintiff has failed to state a claim upon which relief can be granted.
BY THE COURT ______________________ LEANDER C. GRAY, JUDGE