[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
I. Introduction
By way of a second amended complaint, dated May 27, 1994, plaintiff claims damages against the defendants for injuries she sustained due to a fall on a sidewalk adjacent to the defendants' property. The plaintiff claims she fell by losing her balance on decorative stones which "defendants, owners of said property, designed, controlled and maintained . . . [and which were] located in front of said property and adjacent to a public sidewalk." The defendants, by way of a Motion for Summary Judgment, dated July 19, 1994, seek to have judgment entered in their favor with respect to Count Two of plaintiff's complaint, claiming no genuine issue of material fact exists. Count Two of plaintiff's complaint alleges that the defendants owed the plaintiff a duty to keep the public sidewalk which abutted their property in a safe condition. The defendants contend that no such duty is owed. Both parties filed memoranda of law with documents in support of their respective positions.
II. Discussion
As stated by our Supreme Court in Wilson v. New Haven,213 Conn. 277, 280 (1989): "An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Plaintiff argues that while a duty of an adjacent or abutting property owner would not usually run to her, in this case, because the City of Hartford has an ordinance, the defendants, as abutting landowners here owe her a duty to keep the sidewalk in a safe condition for pedestrians. The City of Hartford's ordinance is codified in Article II, § 31-35 of its Municipal Code and states in full:
 Whenever the owner or occupant of any premises fronting upon any street in the city neglects to install new walks, curbs or gutters, or to make replacements ordered by the director of public works, or neglects or refuses to keep his sidewalk, gutter or curb in good repair, it shall be the duty of the director of public works to install, replace or repair the same. For the purposes of this section and sections 31-36
CT Page 9716 and 31-37 only, the word "sidewalk" shall mean all the space between the back edge of the curb and the adjacent street or property line.
This ordinance has previously been analyzed by Judge Corradino in Santana v. City of Hartford, 11 Conn. L. Rptr. No. 8, 225 (April 6, 1994). In that case, the court determined that despite the existence of such an ordinance, its existence alone is insufficient to make the owner liable for injuries an individual suffers by the property owner's failure to perform the duty. Relying on Stevens v. Neligon, 116 Conn. 307 (1933), the court stated that the abutting property owner's duty under such an ordinance ". . . is one owed to the city . . . the ordinance can not cast upon the property owner liability to a traveler upon the highway for failure to perform that duty. The defendant [owner] therefore cannot be held responsible on the ground of negligence arising from his failure to perform a duty owed to the plaintiff [traveler]." Id. at page 312.
The plaintiff argues that this court not follow the Santana
court in reaching its conclusion here. This court is not persuaded by plaintiff's argument. This court agrees with the Santana
court that the Hartford Municipal Code does not create a duty between a property owner and a pedestrian.
Accordingly, since the existence of defendant's duty to plaintiff is a question of law and this court finds that such a duty does not exist, a motion for summary judgment is inappropriate. See Shore v. Stonington, 187 Conn. 147 (1982). For the foregoing reasons, defendant's motion for summary judgment as to Count Two of plaintiff's Second Amended Complaint dated May 27, 1994, is hereby granted.
SUSAN B. HANDY JUDGE, SUPERIOR COURT