******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PATRICIA ROBINSON *v.* VINCENT
CIANFARANI, JR., ET AL.
(SC 19220)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and
Robinson, Js.*

*Argued September 18—officially released November 25, 2014*

*Mark J. Migliaccio*, for the appellant (plaintiff).

*Stephen G. Murphy, Jr.*, for the appellees
(defendants).

*Opinion*

ROGERS, C. J. The dispositive issue in this appeal is whether private landowners are liable for injuries sustained by a third party as the result of the failure to remove snow and ice from a public sidewalk abutting their property. The plaintiff, Patricia Robinson, brought an action alleging that she was injured as a result of the negligence of the defendants, Vincent Cianfarani, Jr., and Sharon Bahler, in failing to clear snow and ice from a public sidewalk next to their property. The defendants moved for summary judgment on the ground that the town of Enfield (town) ordinances requiring landowners whose property abuts public sidewalks to clear those sidewalks of ice and snow did not impose civil liability on the defendants for injuries to third parties. Rather than defending against summary judgment on the ground that there is a genuine issue of material fact regarding whether town ordinances shift civil liability to landowners, the plaintiff claimed that the defendants were liable on several alternative negligence theories. The trial court rendered summary judgment on the ground that the town ordinances did not shift civil liability to the defendants, and the plaintiff thereafter filed this appeal.[1] We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this case. The plaintiff was injured when she slipped and fell on a patch of snow and ice on a sidewalk abutting the defendants' property. The sidewalk was owned by the town, and, pursuant to §§ 9-10 through 9-12 of the Enfield Code of Ordinances,[2] the defendants, as abutting landowners, were subject to fines for failure to clear the sidewalk of ice and snow. The plaintiff brought an action in negligence and the defendants thereafter moved for summary judgment, arguing that "[t]he applicable [t]own . . . ordinance does not impose liability on the defendants for such an incident on a public sidewalk . . . ." Relying on *Willoughby* v. *New Haven*, 123 Conn. 446, 197 A. 85 (1937), and the fact that "the Enfield Code of Ordinance[s] [§§] 9-10 through 9-13 makes the adjacent homeowner criminally liable for not clearing the sidewalk of ice and snow, but does not specifically transfer liability to the property owner so the claim is properly against the town," the trial court granted the defendants' motion for summary judgment. Subsequently, the plaintiff filed motions to reargue and for clarification. The trial court denied the motion to reargue but granted the motion for clarification, whereby it rearticulated that "the [town] ordinances do not transfer civil liability to the property owners." This appeal followed.

On appeal the plaintiff claims that, notwithstanding the fact that this court concluded in *Willoughby* v. *New Haven*, supra, 123 Conn. 453–54, that an ordinance imposing penalties for failing to clear ice and snow

from a public sidewalk does not shift liability for injuries to an abutting landowner, the defendants may be held liable under alternative negligence theories. While not specifically pleaded, the plaintiff argues that the defendants can be held liable under common-law principles governing the duty of care for property in their possession or over which they exercise control and the defendants' affirmative acts, and under the theory of negligence per se. We disagree.

We begin by setting forth the applicable standard of review. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) *Romprey* v. *Safeco Ins. Co. of America*, 310 Conn. 304, 312–13, 77 A.3d 726 (2013). "When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Vendrella* v. *Astriab Family Ltd. Partnership*, 311 Conn. 301, 313, 87 A.3d 546 (2014).

We next review the substantive law governing liability for injuries resulting from snow and ice accumulation on public sidewalks. In *Willoughby* v. *New Haven*, supra, 123 Conn. 451, this court applied established principles regarding sidewalk and street defects to the concern raised in the present case. "At common law there is no liability upon an abutting property owner for injuries resulting from the effects of natural causes upon streets or sidewalks such as the accumulation of snow or ice. Primarily it is the sole duty of the municipality to keep its streets in reasonably safe condition for travel, and not the duty of private persons. . . . Therefore if the liability is or can be shifted from the municipality to the individual it must be accomplished by statutory or charter provision or by ordinance adequately authorized by such provision, and, being the creature of statute or such ordinance, it can be no greater than that specifically imposed thereby." (Citations omitted.) Id.

This court also recognized in *Willoughby* that an ordinance merely imposing a penalty for failure to clear a sidewalk does *not* shift civil liability for injuries to abutting landowners. Id., 454. This rule is grounded in the public policy that, while a municipality may impose penalties on abutting landowners in order to alleviate its own labor and expenses, it still has the primary duty to maintain public sidewalks in a safe condition. See, e.g., *Stevens* v. *Neligon*, 116 Conn. 307, 312, 164 A. 661 (1933) ("The [property owner's] duty to remove the snow and ice is one owed to the city. . . . [T]he city ordinance cannot cast upon the property owner liability to a traveler upon the highway for failure to perform that duty. . . . The duty of the municipality is to use reasonable care to keep its streets and sidewalks reasonably safe for public travel."). Moreover, shifting "liability upon an individual may not be accomplished by inference or unless expressly provided"; *Willoughby* v. *New Haven*, supra, 123 Conn. 456; because "[l]iability for damages for sidewalk accidents is potentially formidable—a fall on an icy sidewalk is often serious in its consequences and the damages heavy."[3] Id., 455–56.

Long after this court's 1937 decision in *Willoughby*, the legislature enacted just such a statutory vehicle whereby it permitted municipalities to elect to transfer civil liability to landowners with property abutting public sidewalks. General Statutes § 7-163a[4] grants municipalities the choice to adopt the statute's provisions and thereby transfer the municipalities' liability to abutting landowners for injuries arising from the failure to remove snow and ice on public sidewalks. Since the enactment of § 7-163a in 1981; see Public Acts 1981, No. 81-340; municipalities across the state have incorporated the statute into their ordinances on removing ice and snow from sidewalks by adopting the statutory provision with clear, explicit language.[5]

Turning to the present case, the relevant town ordinances, enacted long before the legislature adopted § 7-163a, impose a penalty for a landowner's failure to clear abutting sidewalks of ice and snow, but are silent as to transferring civil liability from the town to property owners.[6] See Enfield Code of Ordinances (1967), art. III, §§ 9-10 through 9-13. Because the plaintiff has not asked us to overrule *Willoughby*, and the town has not adopted ordinance provisions under § 7-163a that shift civil liability to the landowner, any potential liability must remain exclusively with the town.

The plaintiff concedes that the town's ordinances do not shift liability in the manner prescribed by *Willoughby* or § 7-163a. Nonetheless, she contends in essence that, because the ordinances impose a duty on the defendants to remediate hazardous conditions created by the accumulation of snow and ice, that duty can support a negligence action under one of the various theories that she has advanced. The plaintiff's rationale,

however, overlooks the fact that it is settled law that the effect of the ordinances is to create a duty owed by the abutting landowner to *the municipality*, not to third parties traversing the sidewalk. See *Stevens* v. *Neligon*, supra, 116 Conn. 312.

We further note that, although there is support for the proposition that landowners can be held liable for a defective condition that they have *created* on a sidewalk; see *Perkins* v. *Weibel*, 132 Conn. 50, 52–53, 42 A.2d 360 (1945); *Calway* v. *William Schaal & Son*, *Inc.*, 113 Conn. 586, 590–91, 155 A. 813 (1931); *Hanlon* v. *Waterbury*, 108 Conn. 197, 200, 142 A. 681 (1928); *Hartford* v. *Talcott*, 48 Conn. 525, 532 (1881); there are no allegations or proof that such is the case here.[7]

Therefore, the plaintiff's alternative theories of common-law liability based on negligence are governed by the settled common-law rule.[8] "An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." *Wilson* v. *New Haven*, 213 Conn. 277, 280, 567 A.2d 829 (1989); see also *Willoughby* v. *New Haven*, supra, 123 Conn. 451. In order for a landowner's duty to the public to exist, this common-law rule would have to have been abrogated by statute or duly authorized ordinance. See *Caciopoli* v. *Lebowitz*, 309 Conn. 62, 70–71, 68 A.3d 1150 (2013). As we have discussed previously herein, however, neither § 7-163a nor the town's ordinances shifts liability to the landowner in the present case. Accordingly, there is no basis to impose liability on the defendants.

The judgment is affirmed.

In this opinion the other justices concurred.

* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Rogers and Justices Palmer, Zarella, Eveleigh, McDonald, Espinosa and Robinson. Although Justice Espinosa was not present when the case was argued before the court, she has read the record and briefs and listened to a recording of the oral argument prior to participating in this decision.

[1] The plaintiff appealed to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[2] Article III, § 9-11 (a), of the Enfield Code of Ordinances (1967) provides in relevant part that "[i]t shall be the duty of every owner or occupant of any premises within the town where there is a sidewalk, to remove or cause to be removed from such sidewalk, any and all snow, and ice . . . ."

Article III, § 9-12 (a), of the Enfield Code of Ordinances (1967) provides in relevant part that "[w]henever any owner or occupant of premises . . . whose duty it is to remove snow and ice . . . shall fail, refuse or neglect to comply with the same or shall otherwise violate any provision of this article shall be deemed guilty of a misdemeanor and fined as provided in section 1-8."

We note that the Enfield Code of Ordinances was recodified in 2006 and these relevant provisions were renumbered as §§ 74-102 and 74-103, respectively. Additional changes were made in 2009. For purposes of clarity and convenience, we refer, as did the parties to this appeal, to the orginal codification of the relevant ordinances.

[3] In addition, "[i]t is a general rule of construction of statutes or ordinances which impose upon property owners the performance of a part of the duty of a municipality to the public that a legislative intent is indicated, unless

it is plainly expressed otherwise, that a breach thereof shall be remediable only by the municipal government or by enforcement of a penalty prescribed therein . . . . When a statute creates an exception to a general rule, it is to be construed strictly and its language is not to be extended beyond its evident intent." (Citation omitted; internal quotation marks omitted.) *Willoughby* v. *New Haven*, supra, 123 Conn. 454.

[4] General Statutes § 7-163a provides in relevant part: "(a) Any town . . . may, by ordinance, adopt the provisions of this section.

"(b) Notwithstanding the provisions of section 13a-149 or any other general statute or special act, such town . . . shall not be liable to any person injured in person or property caused by the presence of ice or snow on a public sidewalk unless such municipality is the owner or person in possession and control of land abutting such sidewalk . . . provided such municipality shall be liable for its affirmative acts with respect to such sidewalk.

"(c) (1) The owner or person in possession and control of land abutting a public sidewalk shall have the same duty of care with respect to the presence of ice or snow on such sidewalk toward the portion of the sidewalk abutting his property as the municipality had prior to the effective date of any ordinance adopted pursuant to the provisions of this section and shall be liable to persons injured in person or property where a breach of said duty is the proximate cause of said injury. (2) No action to recover damages for injury to the person or property caused by the presence of ice or snow on a public sidewalk against a person who owns or is in possession and control of land abutting a public sidewalk shall be brought but within two years from the date when the injury is first sustained."

[5] See, e.g., Bridgeport Code of Ordinances, tit. 12, § 12.16.160 (A) ("[t]he provisions of . . . General Statutes [§] 7-163a are adopted, and are set forth in subsections B and C of this section"); New Haven Code of Ordinances (2005), art. III, div. 2, § 2-87 (a) ("[t]he [c]ity of New Haven hereby adopts the provisions of . . . General Statutes [§] 7-163a as amended from time to time, captioned 'Municipal liability for ice and snow on public sidewalks' "); Norwalk Code, c. 95, § 95-10 (A) ("[t]he provisions of [§] 7-163a of the . . . General Statutes are hereby adopted and are set forth in [s]ubsections B, C, D and E hereof").

[6] The town's ordinances were adopted pursuant to General Statutes (1949 Rev.) § 632, which provides in relevant part: "Towns may make by-laws concerning sidewalks within their respective limits . . . may, by such by-laws, regulate the use and provide for the maintenance thereof . . . [and] may provide for the removal of snow and ice from such sidewalks by the owner, tenant or occupant of premises adjoining and fronting on such sidewalk and may fix a penalty not exceeding five dollars for each violation of such by-laws. The selectmen may construct or repair such walk or remove any snow or ice therefrom upon the default or neglect of the owner, tenant or occupant of such adjoining premises to comply with such by-laws. . . ." Section 632 subsequently was recodified as General Statutes § 7-118, which was repealed in 1982; see Public Acts 1982, No. 82-327, §12; but this same authority is reflected in General Statutes § 7-148 (c) (6) (C) (v).

[7] The complaint alleges neither that the defendants had possession of, or control over, the sidewalk abutting their property, nor that they committed affirmative acts creating the icy condition on the sidewalk. Rather, it alleges that they failed to take affirmative steps to remediate an existing condition on what was indisputably a public sidewalk.

[8] The plaintiff also argued before this court that the defendants may be held liable pursuant to General Statutes § 13a-149, which generally governs damages resulting from defective roads and bridges. The plaintiff failed, however, to raise this claim before the trial court, and we decline to review this unpreserved claim in the absence of exceptional circumstances "in which the interests of justice, fairness, integrity of the courts and consistency of the law significantly outweigh the interest in enforcing procedural rules governing the preservation of claims." *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 160, 84 A.3d 840 (2014).